BICKLER v DEPARTMENT OF TREASURY

Docket No. 102854. Submitted December 12, 1988, at Lansing. Decided September 18, 1989.

John R. Bickler, a former corporate officer of Reef Petroleum Corporation, received notice from the Department of Treasury of its intent to assess against him Reef Petroleum's corporate use-tax obligation. After a formal conference requested by Bickler, a referee for the department recommended that the State Revenue Commissioner cancel the notice of intent to assess. The commissioner rejected the referee's recommendation and issued a decision and order assessing Bickler with the unpaid tax and accrued interest thereon. A copy of the decision and order was sent to the Traverse City, Michigan, address where Bickler had resided at the time of the formal conference with the department but not to the Williamsburg, Michigan, address where Bickler currently resides. It was returned undelivered. In the period between the conference and the commissioner's decision, Bickler had filed with the department an income tax return which indicated the Williamsburg address to be his residence. The department sent a notice of state tax lien to Bickler at the Traverse City address after the thirty-day period for appeal expired. The notice was forwarded by the post office to the Williamsburg address. Bickler filed a petition in the Michigan Tax Tribunal for review of the commissioner's decision and order. The Department of Treasury filed a motion for summary disposition, contending that the Tax Tribunal lacked jurisdiction since the petition was not timely filed as required by MCL 205.22(1); MSA 7.657(22)(1). The tribunal granted the motion and denied a subsequent motion by Bickler for reconsideration. Bickler appealed.

The Court of Appeals *held:*

1. MCL 205.22(1); MSA 7.657(22)(1) requires that a notice issued by the commissioner to a taxpayer either be served personally or sent by certified mail to the taxpayer's last

REFERENCES

Am Jur 2d, State and Local Taxation §§ 782-787, 821-830, 837.

See the Index to Annotations under Corporate Officers, Directors, and Agents; Taxes.

known address. The mailing requirement was not met in this case since the address for Bickler last known to the department, by virtue of Bickler's income tax return, was Williamsburg, and not Traverse City.

2. Bickler was denied due process as notice of the commissioner's decision and order was not given in a manner reasonably calculated under all the circumstances to apprise Bickler of the decision and to afford him an opportunity to be heard.

3. In order to hold an individual personally liable for a corporation's tax liability, the Department of Treasury must show that the individual was an officer of the corporation and that he had control, supervised, or was charged with the responsibility for the preparation of the corporation's tax returns and the payment of its taxes. Here, in the proceedings in the Tax Tribunal, Bickler had contended that he was not responsible for the preparation of Reef Petroleum's tax returns or for the payment of its taxes. The Tax Tribunal therefore should have exercised its equitable powers to review the commissioner's decision and order.

Reversed and remanded.

1. TAXATION — STATE REVENUE COMMISSIONER — NOTICE TO TAX-
    PAYER — LAST KNOWN ADDRESS.

   A notice of an assessment, decision or order issued by the State Revenue Commissioner against a taxpayer must, pursuant to statute, either be served personally or sent by mail to the taxpayer's last known address; mailing of such notice to an old and inaccurate address does not constitute compliance with the statute where a current address exists in the files of the Department of Treasury as a result of the subsequent filing of a tax return (MCL 205.22[1]; MSA 7.657[22][1]).

2. TAXATION — CORPORATIONS — CORPORATE OFFICERS.

   The Department of Treasury, in order to hold an individual personally liable for a corporation's tax liability, must show that the individual was an officer of the corporation and that he had control, supervised, or was charged with the responsibility for the preparation of the corporation's tax returns and the payment of its taxes.

*Mark A. Hullman,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *David Brockman* and *Suann M. DeSaele,* Assistant Attorneys General, for respondent.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

T. GILLESPIE, J. Petitioner appeals as of right from a Michigan Tax Tribunal order entered on June 5, 1987, granting respondent's motion for summary disposition. We reverse and remand.

On October 4, 1983, respondent issued a notice of intent to assess petitioner, a former officer of Reef Petroleum Corporation, informing him that as a responsible corporate officer he was liable for corporate use taxes totalling $15,854.33 for the period of January 1, 1979, to November 30, 1982. Petitioner requested a formal conference with a departmental referee. The conference was held on December 6, 1983.

In January, 1984, petitioner left his home in Traverse City to spend six months in Israel. During this time, his mail was forwarded to Israel. Petitioner returned to Michigan in June, 1984, and in August he rented a house in Williamsburg, Michigan. Pursuant to postal regulations, the Traverse City post office forwarded his mail to the Williamsburg address. In early 1986, petitioner filed a 1985 state income tax return. The return revealed that petitioner resided at the Williamsburg address.

On March 24, 1986, the referee submitted his opinion to the State Revenue Commissioner, recommending that the notice of intent to assess be cancelled. On November 17, 1986, the commissioner issued a decision and order. The decision was terse, finding only that the referee's opinion and recommendation was "not supported by authority nor in accordance with reasoned opinion as stated in the attached rebuttal . . . ." The com-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

missioner then rejected the referee's recommendation, and assessed petitioner for corporate use taxes in the amount of $15,854.33 and accrued interest in the amount of $14,336.54. The decision and order was sent by certified mail, return receipt requested, to petitioner at his address on file: that in Traverse City. Petitioner's copy of the decision and order was returned to respondent marked "undeliverable."

After expiration of the thirty-day appeal period, respondent sent a notice of state tax lien to petitioner at the Traverse City address. The post office forwarded this notice to petitioner. Petitioner immediately contacted his attorney who obtained a copy of the decision and order.

On February 27, 1987, petitioner filed a petition for review of the decision and order with the Tax Tribunal.

In the petition, he argued that he should not be held liable for the use taxes on the following grounds: That while petitioner was an officer of Reef Petroleum, he was not the chief financial officer of the company and had no responsibility for the supervision of the tax returns or payment of taxes; that petitioner had resigned as an officer of the corporation before the taxes were assessed; that the statute of limitations had expired; that the state had accepted a promissory note of Reef Petroleum as satisfaction of the tax assessment; and that the state had failed to pursue collection from Reef Petroleum Corporation.

Thereafter, respondent filed a motion for summary disposition pursuant to MCR 2.116(C)(4) on the ground that the petition was not timely filed as required by MCL 205.22(1); MSA 7.657(22)(1), and that the Tax Tribunal therefore lacked jurisdiction. On June 5, 1987, the Tax Tribunal granted respondent's motion on the grounds that the peti-

tion was untimely and that no extraordinary facts existed to justify an exercise of the Tax Tribunal's equity jurisdiction.

Petitioner moved for reconsideration. On August 7, 1987, the Tax Tribunal denied the motion for reconsideration, finding that respondent had complied with the requirement that the notice of the decision and order be sent to petitioner's last known address.

Petitioner's first claim on appeal is that the commissioner's notice of his November 17, 1986, decision and order was not mailed to his last known address as required by MCL 205.28(1)(a); MSA 7.657(28)(1)(a). Three years elapsed between the formal conference before the departmental referee and the commissioner's mailing of the decision and order. The decision and order was mailed to petitioner's former Traverse City address —an address from which petitioner had moved several years prior to the mailing. The post office did not forward the mailing; instead, the post office returned it to respondent stamped "undeliverable." Respondent argues that the Traverse City address was petitioner's "last known address" within the meaning of MCL 205.28(1)(a); MSA 7.657(28)(1)(a). Petitioner argues that, because he had filed his 1985 income tax return in early 1986 showing his new address, respondent had a more recent address for petitioner in its files and that it was incumbent upon respondent to search its records to determine if it had a more recent address for petitioner. Respondent, however, states that the Individual Income Tax Division is a separate and distinct division from the Sales, Use, and Withholding Division involved in this matter, and each division has a separate filing system. Respondent asserts that the imposition of a duty on it to search the records of another division to determine

the accuracy of an address within its file before it sends notice of a decision would be too burdensome. We disagree with respondent.

A mailing of notice by a revenue commissioner to an old and inaccurate address does not constitute compliance with a statute requiring a mailing to "the last known address" where a current address exists in the department's files as a result of the subsequent filing of a tax return. *McPartlin v Comm'r of the Internal Revenue Service,* 653 F2d 1185, 1190 (CA 7, 1981), and cases cited therein. In these days of instantaneous computer searches, respondent's argument that the imposition of a duty to verify the accuracy of an address is too burdensome is unimpressive, particularly where it is known by the department that the mailed notice did not reach the taxpayer. If the tribunal's findings of fact are supported by competent, material, and substantial evidence on the whole record, they must be considered final. *Antisdale v Galesburg,* 420 Mich 265, 277; 362 NW2d 632 (1984); *Carriage House Cooperative v Utica,* 172 Mich App 144, 151-152; 431 NW2d 406 (1988). The Tax Tribunal's finding that respondent complied with MCL 205.28(1)(a); MSA 7.657(28)(1)(a) in that it sent notice of the decision and order to petitioner at his last known address is unsupported by competent, material, and substantial evidence on the whole record.

Moreover, respondent is seeking to deprive petitioner of over $30,000 of his property. It seems to us that due process requires more than a perfunctory mailing to an address which is undeliverable. As pointed out by our Supreme Court in *Dow v Michigan,* 396 Mich 192, 205-206; 240 NW2d 450 (1976):

" 'The fundamental requisite of due process of

law is the opportunity to be heard.' *Grannis v Ordean,* 234 US 385, 394 [34 S Ct 779; 58 L Ed 1363] (1914). The hearing must be 'at a meaningful time and in a meaningful manner.' *Armstrong v Manzo,* 380 US 545, 552 [85 S Ct 1187, 14 L Ed 2d 62] (1965)." *Goldberg v Kelly,* 397 US 254, 267; 90 S Ct 1011; 25 L Ed 2d 287 (1970).

The "opportunity to be heard" includes the right to notice of that opportunity. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co* [339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950).]

In the instant case, petitioner had but one opportunity to be heard. That opportunity came when he appeared before the departmental referee in 1983. At that hearing, petitioner prevailed and the referee issued a recommendation that the matter be terminated. The commissioner, however, without explanation, and without a hearing on the merits, refused to follow the recommendation some three years after the recommendation was made.

On these facts, we conclude that the notice of the November 17, 1986, decision and order was not given in a manner reasonably calculated under all the circumstances to apprise petitioner of the decision and to afford him an opportunity to be heard. Petitioner was denied due process. Accordingly, the tribunal's decision was not supported by the law. *MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28, 30; 355 NW2d 627 (1984), lv den 422 Mich 883 (1985).

Petitioner finally claims that extraordinary facts existed which would justify the Tax Tribunal's exercise of equity jurisdiction in granting peti-

tioner a delayed appeal. The tribunal was not without jurisdiction to review the commissioner's decision by exercising its equitable powers. *Wikman v Novi,* 413 Mich 617, 648; 322 NW2d 103 (1982); *Turner v Lansing Twp,* 108 Mich App 103; 310 NW2d 287 (1981), lv den 413 Mich 871 (1982). In order to hold an individual personally liable for a corporation's tax liability, the Department of Treasury must show that the individual is an officer of the corporation and that he had control over the preparation of the corporation's tax returns and the payment of taxes, or that the individual supervised the preparation of the corporation's tax returns and payment of taxes or that the individual was charged with the responsibility for preparation of the corporation's tax returns and payment of taxes. *Keith v Dep't of Treasury,* 165 Mich App 105, 108; 418 NW2d 691 (1987). It is incumbent upon the Tax Tribunal to make findings of fact and conclusions of law. *Granader v Southfield Twp,* 145 Mich App 585, 588-589; 377 NW2d 893 (1985).

In the instant case, the tribunal recognized its equitable powers but declined to exercise them. We have carefully reviewed the facts in this case and find that petitioner asserted a possible meritorious defense which, if proven, would nullify the assessment against him. Inasmuch as a tribunal had the power to review the merits of the case, petitioner did not receive adequate notice of the decision and order, and there existed a substantial question as to petitioner's liability for the assessment, we believe that the tribunal erred in refusing to exercise its equitable powers and make findings of fact and state conclusions of law. Summary disposition was improper.

We reverse and remand for consideration of the merits of petitioner's claims.