CURIS BIG BOY, INC v DEPARTMENT OF TREASURY

Docket No. 146213. Submitted December 8, 1993, at Lansing. Decided July 5, 1994, at 9:40 A.M.

Curis Big Boy, Inc., filed a petition in the Michigan Tax Tribunal appealing the denial by the Department of Treasury of a claim for a refund of single business taxes for 1985-87. The Tax Tribunal dismissed the petition on the ground that it was not filed thirty days after the final decision of the respondent as required by MCL 205.22; MSA 7.657(22), finding that the November 20, 1990, letter from the respondent to the petitioner was a final decision and holding that, because the petition was not filed within thirty days, the Tax Tribunal was without jurisdiction to consider it. The petitioner appealed.

The Court of Appeals *held:*

1. Review of an assessment, decision, or order of the Department of Treasury involving a claim for refund of taxes is governed by the provisions of MCL 205.22; MSA 7.657(22); accordingly, the respondent was not required to give notice to the petitioner of its right to appeal.

2. The record does not support the petitioner's contention that the November 20, 1990, letter was not a final decision or the contention that the statutory period should have been tolled because of ongoing negotiations between the petitioner and the respondent.

3. The Tax Tribunal had no authority to grant the petitioner's request for a delayed appeal. The tribunal was divested of jurisdiction over this matter when the petition was not filed within the statutorily mandated thirty-day period.

Affirmed.

TAXATION — APPEAL — TAX TRIBUNAL.

The Tax Tribunal has no authority to grant a delayed appeal where the petition for appeal has not been filed within the statutorily mandated thirty-day period after a final decision of the Department of Treasury (MCL 205.22, 205.735; MSA 7.657[22], 7.650[35]).

REFERENCES

Am Jur 2d, State and Local Taxation §§ 1138-1174.
See ALR Index under Taxes.

*Gregory J. Boulahanis,* for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Daniel M. Greenberg,* Assistant Attorneys General, for the respondent.

Before: TAYLOR, P.J., and REILLY and M. J. TALBOT,* JJ.

TAYLOR, P.J. Petitioner appeals as of right from the order of the Michigan Tax Tribunal dismissing petitioner's claim for a single business tax refund. The claim was dismissed on jurisdictional grounds because petitioner failed to file its appeal with the Tax Tribunal within thirty days of the final decision as required by MCL 205.735(2); MSA 7.650(35) (2) and MCL 205.22; MSA 7.657(22). On appeal, petitioner claims that its appeal was timely, that the statutory period for filing an appeal was tolled during the negotiations between petitioner and respondent, and, alternatively, that a delayed appeal should have been granted for equitable reasons. We affirm.

In December 1988, petitioner filed a refund request for alleged overpayment of the single business tax for the years 1984-87. In a letter dated November 20, 1990, David Kirvan, the administrator of respondent's single business tax division, denied petitioner's refund requests for the years 1985-87. Petitioner sent letters to Kirvan on November 29, 1990, and December 5, 1990, in which it acknowledged receipt of Kirvan's letter denying those refund requests and expressed its disagreement with the denial. Kirvan's response to these letters and his statements in subsequent telephone conversations uniformly reiterated the original denial.

Petitioner effectively filed its claim of appeal in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the Tax Tribunal on February 11, 1991.[1] The Tax Tribunal granted respondent's motion to dismiss on the ground that petitioner had failed to comply with the relevant statutes, which mandate that an appeal be filed within thirty days of the final decision being challenged.[2] Petitioner's motion for reconsideration was denied on the same basis.

Petitioner argues that the original denial was not a final decision, because Kirvan's letter did not advise petitioner of its right to appeal, citing MCL 205.21; MSA 7.657(21). This statutory section is irrelevant to the case at bar because it deals with situations where returns or payments are not made as required. Cases involving refunds of taxes already paid are controlled by § 22, which does not mandate notice of a petitioner's right to appeal.[3]

Petitioner next argues that the statutory period for an appeal was tolled during the negotiations between petitioner and respondent. We disagree.

The record does not support petitioner's contention that a settlement was being negotiated. Petitioner expressed its disagreement with Kirvan's final decision, but each of Kirvan's communications to petitioner uniformly reiterated the original denial. Furthermore, Revenue Administrative

---

[1] Petitioner originally filed its claim of appeal on February 4, 1991. By letter dated February 7, 1991, respondent informed petitioner that its proof of service was defective. Petitioner then filed a proper proof of service on February 11, 1991.

[2] Both statutory sections relevant to this issue set forth the thirty-day period, although they do so in slightly different terms. MCL 205.22(1); MSA 7.657(22)(1) states: "A person aggrieved by an assessment, decision, or order of the department may appeal the contested portion of an assessment, decision, or order to the tax tribunal within 30 days . . . ." MCL 205.735(2); MSA 7.650(35)(2) states that in cases such as the one presented here "the jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which the petitioner seeks to review."

[3] Although not requiring specific notice to the petitioner of its right to appeal, all three subsections of § 22 contain references to the right to appeal one of respondent's decisions to the Tax Tribunal.

Bulletin 89-35, cited by petitioner, allows submission of additional information by a petitioner, but still requires proper filing of an appeal within thirty days from the date of the decision or order. This thirty-day period was not tolled.

Finally, petitioner argues that the Tax Tribunal should have exercised its equitable power to grant the delayed appeal. There is no authority for petitioner's contention.

In *Campbell v Dep't of Treasury,* 77 Mich App 435; 258 NW2d 508 (1977), this Court remanded the action to the Board of Tax Appeals for a delayed appeal. Subsequent to that decision, the Legislature added subsections 2 and 3 to MCL 205.22; MSA 7.657(22). These subsections state that final decisions not appealed in accordance with the thirty-day period "shall be final and shall not be reviewable in any court by mandamus, appeal, or other methods of direct or collateral attack," MCL 205.22(2); MSA 7.657(22)(2), "and [are] not subject to further challenge," MCL 205.22(3); MSA 7.657(22)(3).

> [W]hile there may be an extraordinary case which justifies the exercise of equity jurisdiction in contravention of a statute, this is not such a case. Where the Legislature has provided a plain, adequate remedy at law, it has the constitutional authority to impose limitations on other available remedies. . . . The legal remedy available in this case is a proceeding before the Tax Tribunal. [*Wikman v Novi,* 413 Mich 617, 648; 322 NW2d 103 (1982).]

The Tax Tribunal had no authority to grant petitioner's request for a delayed appeal. The tribunal

was divested of jurisdiction over this matter when the thirty-day period expired.[4]

Our review of Tax Tribunal decisions, absent fraud, is limited to whether the tribunal made an error of law or adopted a wrong principle. We accept the factual findings of the tribunal as final, provided they are supported by competent, material, and substantial evidence. *Dow Chemical Co v Dep't of Treasury,* 185 Mich App 458, 462-463; 462 NW2d 765 (1990). After careful review of the record, we find no error of law and that the tribunal's factual findings are supported by competent, material, and substantial evidence on the whole record.

Affirmed.

---

[4] In *Bickler v Dep't of Treasury,* 180 Mich App 205, 212; 446 NW2d 644 (1989), this Court, in dicta, cited *Wikman, supra,* for the proposition that the Tax Tribunal has equitable powers to review decisions of a revenue commissioner. We are not compelled to follow *Bickler* under Administrative Order No. 1994-4, and therefore, because its statement as to the equitable powers of the Tax Tribunal is mistaken, we decline to do so. Petitioner's reliance on *Bickler* is unavailing.