PIC MAINTENANCE, INC v DEPARTMENT OF TREASURY

Docket No. 298358. Submitted June 8, 2011, at Lansing. Decided June 16, 2011. Approved for publication July 28, 2011, at 9:05 a.m.

The Michigan Unemployment Insurance Agency (UIA) determined on July 16, 2007, that P.I.C. Maintenance, Inc. (PIC) employed several workers who qualified as employees, not as independent contractors as it claimed. On the basis of the UIA determination (which was challenged by PIC and still pending in a different forum), the Department of Treasury issued PIC three final assessments on April 28, 2008, by certified mail for unpaid employee withholding taxes for the years 2004, 2005, and 2006. PIC filed a petition in the Tax Tribunal on July 27, 2009, seeking relief from the department's demand that it pay the overdue withholding taxes. The tribunal granted summary disposition in favor of the department because PIC had failed to appeal the final assessments within 35 days of notice of the assessments as required by MCL 205.22(1). The tribunal also ruled that the injunctive relief that PIC requested was specifically precluded by MCL 205.28(b). PIC appealed.

The Court of Appeals *held*:

1. The department is required to give a taxpayer notice of any assessment, decision, or order by personal service or certified mail sent to the last known address of the taxpayer. MCL 205.28(1)(a). A taxpayer must appeal the contested portion of the assessment, decision, or order within 35 days of the assessment, decision, or order. MCL 205.22(1). If a taxpayer fails to file an appeal within that period, the assessment, decision, or order is final and not reviewable by any court by mandamus, appeal, or other method of direct or collateral attack. MCL 205.22(4). The Tax Tribunal's determination that the department had sent the three final assessments to PIC by certified mail on April 21, 2008, was supported by competent, material, and substantial evidence on the record. PIC failed to file an appeal from the assessments until more than one year after the appeal period had run. The tribunal properly granted summary disposition in favor of the department.

2. MCL 205.28(1)(a) does not require proof of delivery or receipt of the notice of assessment, decision, or order. Rather,

personal service or service by certified mail addressed to the last known address of the taxpayer is the only requirement, which the department accomplished. Nor does due process require actual receipt. Moreover, PIC failed to file the appeal within 35 days of the date it admitted it had actual notice.

3. PIC argued that its petition was timely because the 35-day appeal period should have started on July, 16, 2009, the date it received a final demand letter from the department demanding payment of PIC's outstanding liability. MCL 205.22(1) plainly states that only assessments, decisions, or orders of the department may be appealed. The final demand letter was not an assessment, decision, or order but was the enforcement of the final assessments. It referred to an outstanding liability and to taxes due but did not purport to be an independent assessment, decision, or order.

4. While PIC argued that its appeal was timely because the statutory appeal period was tolled while it communicated or negotiated with the department, it cited no authority to support that argument, nor did it prove that negotiations were occurring regarding the assessments.

5. PIC failed to articulate how the notice requirements set forth in MCL 205.28(1)(a) violated due process and abandoned the argument on appeal.

6. The Tax Tribunal does not have authority to grant a delayed appeal.

Affirmed.

1. Taxation — Assessments — Appeals.

A taxpayer must appeal the contested portion of a Department of Treasury assessment, decision, or order in the Tax Tribunal within 35 days of the assessment, decision, or order; if the taxpayer fails to file an appeal within the proper time period, the assessment, decision, or order is final and not reviewable by any court by mandamus, appeal, or other method of direct or collateral attack; a final demand letter from the department demanding full payment of the tax outstanding is not an assessment, decision, or order; the Tax Tribunal does not have equitable power to grant a delayed appeal (MCL 205.22[1]).

2. Taxation — Assessments — Department of Treasury — Notice.

The Department of Treasury must give a taxpayer notice of any assessment, decision, or order by personal service or certified mail

sent to the last known address of the taxpayer; proof of delivery or actual receipt of the notice is not required (MCL 205.28[1][a]).

*Rubenstein Isaacs, P.C.* (by *Erwin A. Rubenstein* and *Ann M. O'Connell*), for petitioner.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, and *Bradley K. Morton*, Assistant Attorney General, for respondent.

Before: MURRAY, P.J., and HOEKSTRA and STEPHENS, JJ.

PER CURIAM. Petitioner, P.I.C. Maintenance, Inc., appeals as of right the order of the Michigan Tax Tribunal granting the motion by respondent, the Department of Treasury, for summary disposition. The Tax Tribunal dismissed the petition because petitioner failed to timely appeal respondent's final assessments. The Tax Tribunal also found that petitioner had failed to state a claim on which relief can be granted. We affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

This case stems from a July 16, 2007, determination by the Michigan Unemployment Insurance Agency (UIA) that petitioner had employed several workers who qualified as employees, not independent contractors as claimed by petitioner. Petitioner appealed the UIA decision in a different forum; that appeal is still pending. Upon learning about the UIA determination, respondent issued petitioner three final assessments on April 28, 2008, for unpaid employee withholding taxes for the years 2004, 2005, and 2006.

On July 27, 2009, petitioner filed a petition in the Tax Tribunal seeking relief from respondent's demand that it pay overdue withholding taxes for those tax years. Petitioner denied liability for the taxes, penalties, and interest claimed by respondent and requested that

the Tax Tribunal stay all collection activities by respondent. Respondent filed its answer on August 14, 2009, and filed a motion for summary disposition pursuant to MCR 2.116(C)(4) and (8) on October 6, 2009. Respondent claimed that petitioner's appeal was untimely and that the Tax Tribunal could therefore not consider the appeal pursuant to MCL 205.22(1). Respondent further claimed that because MCL 205.28(b) prohibits the issuance of an injunction to stay proceedings for the assessment and collection of a tax, petitioner had failed to state a claim on which relief can be granted since it specifically requested that the Tax Tribunal stay all collection activities by respondent until the resolution of its appeal from the UIA determination.

The Tax Tribunal granted summary disposition in favor of respondent and dismissed the petition on the basis that petitioner had failed to timely appeal respondent's final assessments. The Tax Tribunal found that respondent's certified-mail log, which indicated the date the final assessments were issued, was credible evidence and did not find petitioner's argument that it had never received notice of the assessments "persuasive." The Tax Tribunal also found that the injunctive relief petitioner requested was specifically precluded by MCL 205.28(b). This appeal followed.

## II. TIMELINESS OF APPEAL

On appeal, petitioner first argues that the Tax Tribunal erred when it granted summary disposition in favor of respondent on the basis that its petition was untimely because petitioner maintains that the petition was timely filed. Specifically, petitioner argues that the 35-day appeal period should not have commenced on April 28, 2008, because it did not receive notice of the final assessments and that the appeal period should

have begun on July 16, 2009, the date on which it received a final demand letter from respondent.

### A. STANDARD OF REVIEW

" 'This Court's review of Tax Tribunal decisions in nonproperty tax cases is limited to determining whether the decision is authorized by law and whether any factual findings are supported by competent, material, and substantial evidence on the whole record.' " *Toaz v Dep't of Treasury*, 280 Mich App 457, 459; 760 NW2d 325 (2008), quoting *J C Penney Co, Inc v Dep't of Treasury*, 171 Mich App 30, 37; 429 NW2d 631 (1988); see also Const 1963, art 6, § 28. The interpretation and application of a statute constitutes a question of law that this Court reviews de novo. *Toaz*, 280 Mich App at 459. This Court considers the pleadings and any affidavits or other documentary evidence submitted by the parties to determine if there is a genuine issue of material fact when reviewing a motion under MCR 2.116(C)(4). *Id.* Jurisdictional questions are reviewed de novo, but "this Court must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate ... [a lack of] subject matter jurisdiction." *Id.* (citations and quotation marks omitted). Summary disposition pursuant to MCR 2.116(C)(8) tests the legal basis of the claim and is granted if, considering the pleadings alone, the "claim is so manifestly unenforceable as a matter of law that no factual progression could possibly support recovery." *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380; 563 NW2d 23 (1997).

### B. APPLICABLE LAW

A taxpayer's right to appeal a Department of Treasury assessment is governed by MCL 205.22, which provides in relevant part:

(1) A taxpayer aggrieved by an assessment, decision, or order of the department may appeal the contested portion of the assessment, decision, or order to the tax tribunal within 35 days . . . .

\* \* \*

(4) The assessment, decision, or order of the department, if not appealed in accordance with this section, is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack.

(5) An assessment is final, conclusive, and not subject to further challenge after 90 days after the issuance of the assessment, decision, or order of the department, and a person is not entitled to a refund of any tax, interest, or penalty paid pursuant to an assessment unless the aggrieved person has appealed the assessment in the manner provided by this section.

The Department of Treasury is required to give a taxpayer notice of any assessment, decision, or order, pursuant to MCL 205.28(1)(a). That statute provides that notice "shall be given either by personal service or by certified mail addressed to the last known address of the taxpayer." MCL 205.28(1)(a).

"When interpreting a statute, this Court's goal is to ascertain and give effect to the intent of the Legislature by enforcing plain language as it is written." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 276; 730 NW2d 523 (2006). Thus, this Court will begin construing a statute by referring to the statutory language itself. *Ameritech Publishing, Inc v Dep't of Treasury*, 281 Mich App 132, 147; 761 NW2d 470 (2008). When a statute's language is clear and unambiguous, judicial construction or interpretation is not necessary or permissible, and this Court will simply apply the terms of the statute to the circumstances of the particular case. *Dep't of Transp v Tomkins*, 481 Mich 184, 191;

749 NW2d 716 (2008). Judicial construction is only permitted when a statute is ambiguous. *Id.* A statute is ambiguous when "reasonable minds can differ regarding the meaning of [the] statute." *Gateplex Molded Prods, Inc v Collins & Aikman Plastics, Inc*, 260 Mich App 722, 726; 681 NW2d 1 (2004).

C. ANALYSIS

Relying on MCL 205.22(1), the Tax Tribunal dismissed petitioner's appeal and granted summary disposition in favor of respondent because the petition was not timely filed. We hold that the Tax Tribunal properly dismissed the petition. MCL 205.22(1) requires a taxpayer to appeal any assessment within 35 days of its issuance. MCL 205.22(4) provides that if an assessment is not appealed in accordance with MCL 205.22(1), it "is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack."

Petitioner argues that its petition should have been considered timely; however, we conclude that the Tax Tribunal's finding that respondent sent the three final assessments by certified mail on April 21, 2008, is supported by competent, material, and substantial evidence. Respondent submitted its certified-mail log to the Tax Tribunal to substantiate its claims. The assessments were sent by certified mail on April 21, 2008, but were "issued" on April 28, 2008, because the department postdates its assessments in order to allow processing time. See *Hatherly Assoc, Inc v Dep't of Treasury*, unpublished per curiam opinion of the Court of Appeals, issued June 29, 2010 (Docket No. 291100)[1]

---

[1] "An unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1). However, unpublished opinions can be instructive or persuasive. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

(explaining that the Treasury Department postdates assessments by one week). Pursuant to MCL 205.22(1), petitioner thus had until June 2, 2008, to petition for relief from the final assessments because the statute clearly provides that a taxpayer has 35 days to appeal an assessment. Reasonable minds cannot differ regarding the meaning of "35 days"; thus, we must apply the statute as it is written. *Tomkins*, 481 Mich at 191. It is undisputed that petitioner did not file its appeal until July 27, 2009. Thus, the petition was untimely, and the Tax Tribunal properly granted summary disposition in favor of respondent.

Petitioner's claim that it did not receive the assessments on April 28, 2008, does not change the outcome. MCL 205.28 governs the manner in which respondent was required to provide notice regarding the collection of taxes. The statute provides in relevant part that notice "shall be given either by personal service or by certified mail addressed to the last known address of the taxpayer." MCL 205.28(1)(a). The uncontroverted evidence demonstrates that respondent complied with the statute and sent the final assessments to petitioner by certified mail. Petitioner then had 35 days to appeal the assessed taxes in the Tax Tribunal pursuant to MCL 205.22(1), but failed to do so until July 27, 2009. Even if we were to assume that petitioner never received the final assessments, the Tax Tribunal did not err when it granted summary disposition to respondent. The statute does not require proof of delivery or actual receipt; it requires only personal service or service by certified mail addressed to the last known address of the taxpayer. MCL 205.28(1)(a). When a statute's language is clear and unambiguous, we must apply the terms of the statute to the circumstances of the particular case. *Tomkins*, 481 Mich at 191. The statutory language at issue in this case does not refer to or imply

that proof of receipt is necessary, and we will not read words into the plain language of the statute. *Id.*; see also Bickler v Dep't of Treasury, 180 Mich App 205, 209-211; 446 NW2d 644 (1989) (discussing delivery requirements imposed by MCL 205.28(1)(a), but not stating that proof of actual receipt is necessary to satisfy due process).

Contrary to petitioner's claim that it filed its petition within 35 days after receiving notice of the assessments, the record indicates that petitioner had actual notice of the assessments by at least May 19, 2009. Correspondence between petitioner's counsel and a representative of respondent, attached to the petition, indicates that copies of the final assessments dated April 28, 2008, were attached to the letter. However, petitioner did not petition the Tax Tribunal regarding the assessments until July 27, 2009, more than 35 days after admittedly having a copy of the assessments on May 19, 2009. Further, the correspondence between petitioner and respondent that petitioner acknowledges receiving was mailed to the same address that the final assessments were mailed to, as indicated in respondent's certified-mail log. Thus, the evidence supports the Tax Tribunal's conclusion that petitioner had actual notice of the assessments and failed to appeal within the statutory 35-day appeal period.

Petitioner argues that its petition was timely because the 35-day appeal period should have started on July 16, 2009, the date petitioner received a final demand letter from respondent demanding full payment of petitioner's "outstanding liability" for withholding taxes assessed. The Tax Tribunal's rejection of petitioner's argument did not constitute an error of law. The plain language of the statute states that taxpayers aggrieved by "an assessment, decision, or order" of the Depart-

ment of Treasury may appeal. MCL 205.22(1). Thus, only assessments, decisions, or orders are appealable. The July 16, 2009, letter was not an assessment, decision, or order; rather, it was an enforcement of the April 28, 2008, final assessments. Further, the letter itself did not purport to be an independent assessment, decision, or order; rather, it referred to an "outstanding liability." The outstanding liability referred to the taxes due as reflected by the final assessments. Finally, as already discussed petitioner clearly had actual notice of the assessments before respondent issued the July 16, 2009, final demand letter. Thus, the final assessments aggrieved petitioner, and it was required to appeal the final assessments within 35 days pursuant to MCL 205.22(1). Because petitioner failed to timely appeal, the Tax Tribunal properly granted summary disposition in favor of respondent.

Petitioner argues in the alternative that even if the July 16, 2009, letter did not constitute a final decision, its petition should be considered timely because the 35-day appeal period was tolled since petitioner was communicating with a representative of respondent regarding petitioner's appeal of the UIA decision. Petitioner asserts that this Court's decision in *Curis Big Boy, Inc v Dep't of Treasury*, 206 Mich App 139; 520 NW2d 369 (1994), supports a finding that the statutory appeal period was tolled while petitioner communicated with respondent. Petitioner claims that *Curis Big Boy* should be read to support the proposition that the statutory period for appealing a decision of the Department of Treasury may be tolled on the basis of communications between the taxpayer and the department. In *Curis Big Boy* the petitioner appealed the Tax Tribunal's denial of his claim for a single business tax refund. *Id.* at 140. The Tax Tribunal granted the respondent's motion to dismiss on the basis of the petitioner's failure to

timely file an appeal in accordance with MCL 205.22(1). *Id.* at 141. The petitioner had argued that the statutory period for appeal was tolled because he was engaged in negotiations with the respondent. *Id.* This Court stated that the record did not support the petitioner's contention that a settlement was being negotiated and affirmed the Tax Tribunal's dismissal. *Id.* at 141-142.

Contrary to petitioner's argument, *Curis Big Boy* did not explicitly hold that evidence of negotiations with the department would have tolled the statutory appeal period. Petitioner in this case does not cite any other authority to support its argument that the statutory appeal period is tolled during negotiations between the parties. Further, as in *Curis Big Boy*, there is no evidence in this case that petitioner and respondent were engaged in negotiations; rather, the letters attached by petitioner indicate that respondent was voluntarily delaying collection action pending the resolution of the UIA appeal.[2] Respondent's voluntary decision to not immediately pursue collection of the assessed taxes does not constitute negotiation with petitioner. The letters also do not indicate that there was any discussion regarding petitioner's actual liability. Further, respondent's voluntary collection forbearance does not negate the fact that final assessments were issued on April 28, 2008, and petitioner failed to appeal those assessments in accordance with MCL 205.22(1). The appeal period set forth in MCL 205.22(1) is not contingent on whether the department immedi-

---

[2] Petitioner supports its assertion that respondent indicated it would not take collection action until resolution of the UIA case by referring to letters from its counsel to a representative of the Department of Treasury that it attached to its petition. These letters, written by petitioner's counsel, updated respondent regarding the progression of the UIA appeal and generally implied that petitioner believed there was an agreement not to pursue collection pending resolution of the UIA case.

ately takes collection action; rather, the statute clearly states that a "taxpayer aggrieved by an assessment, decision, or order of the department may appeal" within 35 days. MCL 205.22(1). Petitioner should not have assumed that it could ignore the appeal procedures until respondent demanded payment of the assessed taxes.

Lastly, petitioner argues that due process requires that its petition should have been considered even if it was not timely. Petitioner specifically asserts that its petition should have been considered even if respondent properly provided notice because the notice requirements set forth in MCL 205.28(1)(a) are violative of due process. However, petitioner fails to articulate how the statute is contrary to due process. Petitioner's failure to properly address the merits of its assertion of constitutional error constitutes abandonment of the issue on appeal. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). However, we note that due process itself does not require proof of actual receipt; rather, due process requires " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008), quoting *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950). Sending notice by certified mail is reasonably calculated to apprise interested parties of the pendency of the action when the correspondence is not returned to the government as "unclaimed." *Sidun*, 481 Mich at 509-511. There is no contention that the final assessments were returned to respondent. "Due process does not require that a property owner receive actual notice before the government may take his property." *Id.* at 509. Thus, respondent

properly provided petitioner with the notice due process requires. Therefore, petitioner was required to appeal the assessment within 35 days of respondent's notice. MCL 205.22(1). The Tax Tribunal did not err when it granted summary disposition in favor of respondent because petitioner failed to timely appeal the assessment.

### III. EQUITABLE RELIEF

#### A. EQUITY JURISDICTION

Petitioner also argues that regardless of whether its petition was timely, the Tax Tribunal should have exercised its "equity jurisdiction" to grant petitioner a delayed appeal. Specifically, petitioner argues that *Curis Big Boy* permits the Tax Tribunal to grant a delayed appeal because the decision recognizes that " 'there may be an extraordinary case which justifies the exercise of equity jurisdiction . . . .' "[3] *Curis Big*

---

[3] Petitioner also argues for the first time on appeal that this Court must reverse the decision of the Tax Tribunal because if petitioner pays the assessed taxes and later wins the appeal regarding the UIA determination, it will not be able to get a refund pursuant to MCL 205.27a. Issues not raised before the Tax Tribunal are not properly preserved for appeal and need not be addressed by this Court. *Toaz*, 280 Mich App at 463. Nevertheless, petitioner's claim that it would not be able to receive a refund for wrongly paid taxes lacks merit. Petitioner focuses on the language of MCL 205.27a(2), which provides that the "taxpayer shall not claim a refund of any amount paid to the department after the expiration of 4 years after the date set for the filing of the original return." However, petitioner ignores the exception to the time limitation set forth in MCL 205.27a(3)(a), which specifically provides that the running of the period of limitations is suspended during any "period pending a final determination of tax," including litigation of liability for a tax administered by the Department of Treasury. Further, we note that MCL 205.30(1) clearly provides that the "department shall credit or refund an overpayment of taxes; taxes, penalties, and interest erroneously assessed and collected; and taxes, penalties, and interest that are found unjustly assessed,

*Boy*, 206 Mich App at 142, quoting *Wikman v City of Novi* 413 Mich 617, 648; 322 NW2d 103 (1982).

Contrary to the language that petitioner quotes from *Curis Big Boy*, this Court has specifically held that the "Tax Tribunal does not have authority to grant a delayed appeal." *Toaz*, 280 Mich App at 462, citing *Curis Big Boy*, 206 Mich App at 142. The language petitioner quotes from *Curis Big Boy* was merely an observation and was not part of this Court's holding in that case. The petitioner in *Curis Big Boy* similarly argued that the Tax Tribunal should have exercised its equitable power to grant a "delayed appeal." *Curis Big Boy*, 206 Mich App at 142. This Court held that the Tax Tribunal did not have authority to grant a delayed appeal in light of MCL 205.22 when the petitioner had failed to exercise its legal remedy. *Id.* Like the situation in *Curis Big Boy*, this case is not the "extraordinary case which justifies the exercise of equity jurisdiction." *Id.* There is no reason petitioner could not have appealed the final assessments immediately. Petitioner would still have been able to work with respondent regarding any voluntary forbearance of tax collection. *Curis Big Boy* recognized, and we reiterate, that petitioner was required to appeal the assessments within 35 days, *id.*; otherwise, "the assessment, decision, or order of the department . . . is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack," MCL 205.22(4). Therefore, because petitioner failed to timely appeal the assessments, the Tax Tribunal did not err when it granted summary disposition pursuant to MCR 2.116(C)(4) in favor of respondent.

---

excessive in amount, or wrongfully collected with interest at the rate calculated under [MCL 205.23] for deficiencies in tax payments."

## B. INJUNCTIVE RELIEF

Finally, petitioner argues that the Tax Tribunal erred when it determined that petitioner had failed to state a claim on which relief can be granted and granted summary disposition in favor of respondent pursuant to MCR 2.116(C)(8). Specifically, petitioner argues that the Tax Tribunal erred when it found that petitioner's request to have the Tax Tribunal stay all collection activities of respondent constituted injunctive relief specifically barred by statute. Petitioner argues that despite MCL 205.28(1)(b), there is no absolute prohibition against the issuance of an injunction regarding the assessment and collection of a tax.

Because we conclude that the Tax Tribunal properly dismissed the petition as untimely we need not reach this issue. However, we note that MCL 205.28(1)(b) provides that "[a]n injunction shall not issue to stay proceedings for the assessment and collection of a tax." Petitioner relies on *Stone v Michigan*, 247 Mich App 507, 531; 638 NW2d 417 (2001), rev'd on other grounds 467 Mich 288 (2002), to support its argument that a stay would be permissible in this case despite MCL 205.28(1)(b). However, *Stone* did not hold that an injunction may be granted despite the statutory prohibition. The Court held that an injunction was properly issued in that case because the injunction did not involve a proceeding for the " 'assessment and collection' of a tax"; rather, it dealt with taxes that were already assessed and collected and would be again, albeit unlawfully. *Stone*, 247 Mich App at 531. Unlike the situation in *Stone*, the relief petitioner requests in the instant case is specifically a stay prohibiting the collection of taxes pursuant to respondent's final assessment. Therefore, MCL 205.28(1)(b) applies, and the issuance of an injunction or stay is statutorily prohib-

ited. Thus, the Tax Tribunal did not err when it granted summary disposition in favor of respondent.

### IV. CONCLUSION

The Tax Tribunal's findings of fact were supported by competent, material, and substantial evidence. Respondent's certified-mail log, which indicated that the final assessments were issued on April 28, 2008, and sent by certified mail to petitioner's address, supported the Tax Tribunal's factual finding regarding the final assessment date. Additionally, petitioner submitted letters that demonstrated it had actual notice of the assessments more than 35 days before it petitioned the Tax Tribunal for relief. Finally, petitioner acknowledged the receipt of a letter sent to the same address as the assessments. Further, the Tax Tribunal did not make an error of law or adopt a wrong legal principle when it granted summary disposition in favor of respondent because petitioner failed to timely file an appeal of respondent's final assessments as required by MCL 205.22. Because petitioner did not timely appeal respondent's final assessments in accordance with MCL 205.22, the assessments "[were] final and [were] not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack." MCL 205.22(4).

Affirmed. Respondent, being the prevailing party, may tax costs pursuant to MCR 7.219.

MURRAY, P.J., and HOEKSTRA and STEPHENS, JJ., concurred.