# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA STEFFKE, REBECCA METZ, and
NANCY RHATIGAN,

        Plaintiffs-Appellants,

v

TAYLOR FEDERATION OF TEACHERS AFT
LOCAL 1085, TAYLOR PUBLIC SCHOOL
BOARD OF EDUCATION, and TAYLOR
SCHOOL DISTRICT,

        Defendants-Appellees.

UNPUBLISHED
April 7, 2015

No. 317616
Wayne Circuit Court
LC No. 13-002906-CK

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

Plaintiffs appeal as of right from the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4), after the court concluded it lacked subject matter jurisdiction of plaintiffs' claims. We affirm with respect to plaintiffs' first two claims, but reverse and remand with respect to plaintiffs' third claim.

Plaintiffs argue that the trial court erred in concluding that the Michigan Employment Relations Commission (MERC) has exclusive jurisdiction over all of their claims, thus depriving the trial court of subject matter jurisdiction. We agree, in part. We conclude that the MERC has exclusive jurisdiction over the first two counts of plaintiffs' complaint, but not the third count.

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 146; 829 NW2d 299 (2012). Summary disposition under MCR 2.116(C)(4) is proper when the court lacks subject matter jurisdiction. *Id.* at 146-147. "This Court considers the pleadings and any affidavits or other documentary evidence submitted by the parties to determine if there is a genuine issue of material fact when reviewing a motion under MCR 2.116(C)(4)." *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 407; 809 NW2d 669 (2011).

The Public Employment Relations Act (PERA), MCL 423.201 *et seq.*, is "the dominant law regulating public employee labor relations." *Ranta v Eaton Rapids Pub Sch Bd of Ed*, 271 Mich App 261, 265-266; 721 NW2d 806 (2006), quoting *Rockwell v Crestwood Sch Dist Bd of Ed*, 393 Mich 616, 629; 227 NW2d 736 (1975). It "imposes a duty of collective bargaining on

-1-

public employers, unions, and their agents." *Ranta*, 271 Mich App at 266, quoting *St Clair Intermediate Sch Dist v Intermediate Ed Ass'n/Mich Ed Ass'n*, 458 Mich 540, 550; 581 NW2d 707 (1998). The PERA, at MCL 423.210, prohibits certain conduct by public employers and labor organizations. Violations of MCL 423.210 "shall be deemed to be unfair labor practices remediable by the commission [the MERC]" as provided in MCL 423.216. See MCL 423.216; *St Clair*, 458 Mich at 550; *Ranta*, 271 Mich App at 266.

Our Supreme Court has concluded that MCL 423.216 gives the MERC exclusive jurisdiction over unfair labor practices. *St Clair*, 458 Mich at 550; *Lamphere Sch v Lamphere Federation of Teachers*, 400 Mich 104, 118; 252 NW2d 818 (1977). "MERC alone has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA." *Lamphere Sch*, 400 Mich at 118, quoting *Rockwell*, 393 Mich at 630.

The PERA "was modeled on" the National Labor Relations Act (NLRA), 29 USC 151 *et seq. Demings v City of Ecorse*, 423 Mich 49, 53; 377 NW2d 275 (1985). Consequently, when interpreting the PERA, our courts can "look for guidance to 'the construction placed on the analogous provisions of the NLRA by the National Labor Relations Board [NLRB] and the Federal courts.' " *Id.* at 56, quoting *Rockwell*, 393 Mich at 636. For example, in *Demings*, 423 Mich at 57-63, our Supreme Court concluded that the MERC did not have exclusive jurisdiction over duty of fair representation claims. Instead, the courts have concurrent jurisdiction. *Demings*, 423 Mich at 63. Our Supreme Court noted that the MERC has no more expertise in fair representation actions than the courts. *Id.* at 61. In reaching its conclusion, our Supreme Court relied on the United States Supreme Court's reasoning in *Vaca v Sipes*, 386 US 171, 181-188; 87 S Ct 903; 17 L Ed 2d 842 (1967), where it concluded that the NLRB does not have exclusive jurisdiction over fair representation actions. *Id.* at 57-63.

Similarly, the MERC and courts have concurrent jurisdiction "[w]here a controversy gives rise to both contractual and statutory claims." See *Bay City Sch Dist v Bay Cit Ed Ass'n, Inc*, 425 Mich 426, 436-440; 390 NW2d 159 (1986). For example, a union may assert that its members' employer violated their rights under the PERA, as well as their rights under their CBA. *Id.* at 430. When that is the case, the alleged violations of the PERA may be heard by the MERC while the breach of contract claims are heard by an arbitrator or the court. See *id.* at 436-440.

Because the MERC only has exclusive jurisdiction over some types of actions, each of plaintiffs' claims are examined individually to determine if plaintiffs allege an unfair labor practice or misconduct under the PERA because the MERC would have exclusive jurisdiction over such claims. See *Bay City*, 425 Mich at 436-440; *Lamphere Sch*, 400 Mich at 118. Count I of plaintiffs' complaint is clearly an allegation that defendants committed misconduct under the PERA. Plaintiffs contend that the union security agreement is illegal under the PERA, MCL 423.215b, because it contains a benefit "meant to extend beyond the terms of the collective bargaining agreement." In their motion for summary disposition, plaintiffs further argued that both MCL 423.214 and MCL 423.215b preclude the existence of two CBAs in effect at the same time, but that have different expiration dates. Plaintiffs specifically argued that MCL 423.214 limits the duration of CBAs to three years.

An allegation that the parties ratified an agreement that is illegal or precluded by the PERA falls squarely in the category of claims alleging "misconduct under the PERA." See *Lamphere Sch*, 400 Mich at 118. In addition, when concluding that the MERC did not have exclusive jurisdiction, our Supreme Court has stressed that the MERC did not have any more expertise than the courts with respect to the cause of action at hand. See *Bay City*, 425 Mich at 436-440 (concluding that the MERC does not have exclusive jurisdiction over breach of contract claims); *Demings*, 423 Mich at 63 (concluding that the MERC does not have exclusive jurisdiction over fair representation claims). However, plaintiffs' allegation that the union security agreement is illegal under the PERA, MCL 423.214 and MCL 423.215b, requires a decision maker to interpret and analyze the PERA – an area in which the MERC has administrative expertise. See *Lamphere Sch*, 400 Mich at 118; *Rockwell*, 393 Mich at 630.

In the second count of their complaint, plaintiffs contend that the union security agreement is void for lack of consideration. On its face, this claim does not appear to allege an unfair labor practice or misconduct under the PERA. Nevertheless, part of plaintiffs' underlying argument for this claim requires interpretation and analysis of the PERA and could be interpreted as an allegation that defendants violated the PERA. The agreement provides that the consideration is "labor peace and bargaining continuity." Plaintiffs assert that this is not valid consideration in part because the Taylor Federation of Teachers (the union) cannot guarantee bargaining continuity for the 10-year duration of the agreement where the PERA, MCL 423.214, provides that "another union may be elected to be the representative of a bargaining unit three years after the beginning of a collective bargaining agreement." Because the adjudicator of this claim must determine the meaning of MCL 423.214, and if that meaning precludes the union from being able to offer "labor peace and bargaining continuity" as consideration, we conclude that the MERC has exclusive jurisdiction.

However, the MERC does not have exclusive jurisdiction over the third count of plaintiffs' complaint. In their third claim, plaintiffs allege that the union security agreement "violates a fundamental principle of jurisprudence governing elected bodies" because "the School Board has bound it[s] successors to a policy that cannot be altered through their legislative process."

This claim does not allege an unfair labor practice or misconduct under the PERA, nor does it require the MERC's administrative expertise. Rather, plaintiffs' claim involves "a fundamental principle of jurisprudence of both the United States and this state [] that one legislature cannot bind the power of a successive legislature," and the limitations placed on this principle by the Contract Clause. *Studier v Mich Pub Sch Employees' Retirement Bd*, 472 Mich 642, 660-661; 698 NW2d 350 (2005); see also US Const, art I, § 10, cl 1. In *United States v Winstar Corp*, 518 US 839, 872-874; 116 S Ct 2432; 135 L Ed 2d 964 (1996), the United States Supreme Court noted the tension between "two fundamental constitutional concepts" – the principle that "one legislature may not bind the legislative authority of its successors" and the Constitution's Contract Clause, which makes it possible "for state legislatures to bind successors by entering into contracts." Consequently, "two distinct limitations developed to protect state regulatory powers." *Winstar*, 518 US at 874. First, the reserved powers doctrine provides that certain substantive powers, like the power of eminent domain, cannot be contracted away. *Id*. Second, the unmistakability doctrine provides that "nothing can be taken against the State by presumption or interference," and each surrender must be "expressed in terms too plain to be

mistaken." *Id.* at 874-875. In conclusion, the analysis of plaintiffs' third claim requires interpretation of the United States Constitution and the union security agreement to determine if either of these two limitations apply. *Id.* at 872-874. The PERA does not grant the MERC any jurisdiction to hear such a claim, let alone exclusive jurisdiction. See MCL 423.216; *St Clair*, 458 Mich at 550; *Lamphere Sch*, 400 Mich at 118.

Nonetheless, defendants argued below that plaintiffs lacked standing to challenge the union security agreement. The trial court determined that it lacked subject matter jurisdiction over plaintiffs' claims and did not decide if plaintiffs had standing. However, when an issue "involves a question of law and the necessary facts have been presented," this Court may address its merits. *Freed v Salas*, 286 Mich App 300, 308; 780 NW2d 844 (2009). Whether a party has legal standing is a question of law. *Sprenger v Bickle*, 302 Mich App 400, 418-419; 839 NW2d 59 (2013). Because we have all the necessary facts, we will address this issue. See *Freed*, 286 Mich App at 308.

This Court reviews questions of law de novo. *Sprenger*, 302 Mich App at 418-419. "In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Id.* at 419 (citations omitted). All inferences are made in the light most favorable to the plaintiff. *Id.* We must then determine "if the plaintiff established facts that would give him standing to sue." *Id.*

Notably, in their third claim, plaintiffs sought a *declaratory judgment* that the union security agreement was invalid because it "violates a fundamental principle of jurisprudence governing elected bodies." Our Supreme Court has affirmatively stated that "whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). MCR 2.605(A) provides that "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." "An actual controversy exists when declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights." *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 515; 810 NW2d 95 (2011).

Here, an actual controversy involving interested parties exists. Plaintiffs, as teachers in the School District seek to prevent a specific injury—that of being required to pay either union dues or a service fee against their will. Declaratory relief is thus needed to guide plaintiffs' future conduct in order to preserve their legal rights. It therefore follows that plaintiffs meet the requirements of MCR 2.605 and that they thus have standing to pursue a declaratory judgment before the trial court on their third claim.

We therefore affirm the trial court's grant of summary disposition in favor of defendants with respect to plaintiffs' first two claims, but reverse the trial court's summary disposition order

with respect to plaintiff's third claim and remand to the trial court for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto