TOAZ v DEPARTMENT OF TREASURY

Docket No. 275784. Submitted May 6, 2008, at Detroit. Decided July 1, 2008. Approved for publication August 26, 2008, at 9:05 a.m.

April D. Toaz filed a petition in the Tax Tribunal challenging an income-tax assessment by the Michigan Department of Treasury for tax year 2001. Before filing the petition, the petitioner had acknowledged that she failed to report income from gambling and the respondent had determined that the petitioner had an undisputed partial tax liability of $1,515.36 for the acknowledged gambling income. After the petitioner failed to pay the full amount of the undisputed tax, the respondent moved for summary disposition, claiming that the Tax Tribunal lacked subject-matter jurisdiction because the petitioner failed to pay in full the undisputed tax liability, as required by MCL 205.22. The Tax Tribunal granted the motion. The petitioner appealed.

The Court of Appeals *held*:

At the time pertinent to this case, MCL 205.22(1) provided, in part: "A taxpayer aggrieved by an assessment . . . of the [Department of Treasury] may appeal the contested portion of the assessment . . . to the tax tribunal within 35 days . . . after the assessment . . . . The uncontested portion of an assessment . . . shall be paid as a prerequisite to appeal . . . ." The statutory phrase "uncontested portion of an assessment . . . shall be paid as a prerequisite to appeal" is susceptible to only one reasonable interpretation. An aggrieved taxpayer must actually discharge the uncontested tax debt, by full payment, before appealing the contested portion of the tax assessment. The aggrieved taxpayer must pay the uncontested debt and file the written petition required in MCL 205.735 within 35 days to invoke the Tax Tribunal's jurisdiction.

Affirmed.

TAXATION — DEPARTMENT OF TREASURY — TAX ASSESSMENTS — APPEAL — TAX TRIBUNAL — PAYMENT OF UNCONTESTED PORTION.

A taxpayer who is aggrieved by a tax assessment from the Department of Treasury but who does not contest a portion of the assessment must pay the uncontested partial tax liability in full

before the taxpayer can invoke the jurisdiction of the Tax Tribunal to hear an appeal of the contested portion of the assessment (MCL 205.22[1], 205.735).

Michigan State University College of Law Tax Clinic (by *Andrew S. Campbell*) for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Bradley K. Morton*, Assistant Attorney General, for the respondent.

Before: OWENS, P.J., and METER and SCHUETTE, JJ.

PER CURIAM. In this income tax dispute, petitioner appeals as of right from the Tax Tribunal's order granting summary disposition in favor of respondent. The Tax Tribunal determined that it lacked jurisdiction to consider petitioner's tax assessment challenge because she failed to pay the uncontested portion of the assessment as required by MCL 205.22. We affirm.

## I. FACTS

On March 14, 2006, respondent issued a final assessment of $13,536 to petitioner for income tax owed for tax year 2001. Subsequent penalty and interest charges increased the amount due to $17,881.60. Petitioner disputed that amount. However, petitioner acknowledged that she failed to report $36,080 of gambling income on her 2001 federal income tax return, which affected her Michigan income tax liability. On the basis of the admitted figure for gambling income, the respondent determined the undisputed portion of tax that petitioner was required to pay was $1,515.36.

Petitioner claimed that she was unable to pay the entire uncontested amount. Instead, she paid $500 towards the tax liability when she filed her petition for review of the final assessment with the Tax Tribunal.

Petitioner then proposed to make five installment payments to pay the uncontested amount by January 20, 2007. Respondent moved for summary disposition under MCR 2.116(C)(4), arguing that the Tax Tribunal lacked jurisdiction over the matter because petitioner failed to pay the undisputed portion of the tax under MCL 205.22. The Tax Tribunal agreed with respondent and entered an order granting summary disposition in respondent's favor. Petitioner now appeals.

## II. STANDARD OF REVIEW

"This Court's review of Tax Tribunal decisions in nonproperty tax cases is limited to determining whether the decision is authorized by law and whether any factual findings are supported by competent, material, and substantial evidence on the whole record." *J C Penney Co, Inc v Dep't of Treasury*, 171 Mich App 30, 37; 429 NW2d 631 (1988); see also Const 1963, art 6, § 28. Issues involving the interpretation and application of statutes are reviewed de novo as questions of law. *Danse Corp v City of Madison Hts*, 466 Mich 175, 178; 644 NW2d 721 (2002).

In reviewing a motion under MCR 2.116(C)(4), it is proper to consider the pleadings and any affidavits or other documentary evidence submitted by the parties to determine if there is a genuine issue of material fact. *Cork v Applebee's of Michigan, Inc*, 239 Mich App 311, 315; 608 NW2d 62 (2000); see also MCR 2.116(G)(5). Jurisdictional questions are reviewed de novo, but this Court " 'must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate . . . [a lack of] subject matter jurisdiction.' " *L & L Wine & Liquor Corp v Liquor Control Comm*, 274 Mich App 354, 356; 733 NW2d 107 (2007), quoting *CC Mid West, Inc v McDougall*, 470 Mich 878 (2004) (alteration by the *L & L* Court).

III. ANALYSIS

At the time pertinent to the proceedings in this case, MCL 205.22 provided, in relevant part:[1]

(1) A taxpayer aggrieved by an assessment, decision, or order of the department may appeal the contested portion of the assessment, decision, order to the tax tribunal within 35 days, or to the court of claims within 90 days after the assessment, decision, or order. *The uncontested portion of an assessment, order, or decision shall be paid as a prerequisite to appeal. . . .*

(2) An appeal under this section shall be perfected as provided under the tax tribunal act, Act No. 186 of the Public Acts of 1973, as amended, being sections 205.701 to 205.779 of the Michigan Compiled Laws, and rules promulgated under that act for the tax tribunal, or chapter 64 of the revised judicature act of 1961, Act No. 236 of the Public Acts of 1961, as amended, being sections 600.6401 to 600.6475 of the Michigan Compiled Laws, and rules adopted under that chapter for the court of claims. In an appeal to the court of claims, the appellant shall first pay the tax, including any applicable penalties and interest, under protest and claim a refund as part of the appeal.

\* \* \*

(4) The assessment, decision, or order of the department, if not appealed in accordance with this section, is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack. [Emphasis added.]

Section 35 of the Tax Tribunal Act, MCL 205.735, addresses the manner for perfecting an appeal. At the

---

[1] MCL 205.22 was amended by 2007 PA 194, effective December 21, 2007. Although the amendment does not apply to this case, we note that there were no substantive changes to the provisions applicable to this case.

time petitioner's petition was filed in April 2006, the statute provided, in relevant part:[2]

> In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 30 days after the final decision, ruling, determination, or order that the petitioner seeks to review, or within 35 days if the appeal is pursuant to section 22(1) of 1941 PA 122, MCL 205.22. [MCL 205.735(2).]

"The primary rule governing the interpretation of a statute is to discern and give effect to the Legislature's intent through reasonable construction in consideration of the purpose of the statute and the object sought to be accomplished." *Tyson Foods, Inc v Dep't of Treasury*, 276 Mich App 678, 684; 741 NW2d 579 (2007). In construing legislative intent, a court begins by examining the statutory language and, if the statutory language is clear, it must be enforced as plainly written. *Id.*

The statutory language in this case is not ambiguous. MCL 205.22(1) clearly requires that "[t]he uncontested portion of an assessment . . . shall be paid as a prerequisite to appeal." Although the words "shall," "prerequisite," and "paid" are not defined, undefined statutory words and phrases are construed according to their common and approved usage, unless such a construction would be inconsistent with the Legislature's manifest intent. *ADVO-Systems, Inc v Dep't of Treasury*, 186 Mich App 419, 424; 465 NW2d 349 (1990). The word "prerequisite" is defined as "required beforehand" and "something prerequisite; precondition." *Random*

---

[2] MCL 205.735 was amended by 2006 PA 174, effective May 30, 2006. As now set forth in subsection 3, the amended statute provides, in part:

> In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, determination, or order that the petitioner seeks to review.

*House Webster's College Dictionary* (1997), p 1029. Among the definitions of the word "pay" is "to discharge or settle (a debt, obligation, etc.), as by transferring money or goods, or by doing something" and "to discharge a debt or obligation." *Id.* at 957. The word "shall" generally indicates mandatory conduct. *Costa v Community Emergency Med Services, Inc*, 475 Mich 403, 409; 716 NW2d 236 (2006).

We must also consider the contextual setting of the words and phrases in the statute. *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). Examined in context, the statutory phrase "uncontested portion of an assessment, order, or decision shall be paid as a prerequisite to appeal" is susceptible to only one reasonable interpretation. An aggrieved taxpayer must actually discharge the uncontested tax debt, by full payment, before appealing the contested portion of the tax assessment. The aggrieved taxpayer must pay the uncontested debt and file the written petition required in MCL 205.735 within 35 days to invoke the Tax Tribunal's jurisdiction. A partial payment does not satisfy the statute, even when coupled with an allegation in the petition that the taxpayer lacks the financial resources to pay the full debt. Nor is a promise to pay the uncontested balance after the expiration of the 35 days sufficient to satisfy the statute. The Tax Tribunal does not have authority to grant a delayed appeal. *Curis Big Boy v Dep't of Treasury*, 206 Mich App 139, 142; 520 NW2d 369 (1994).

Additionally, because MCL 205.22 is not ambiguous, we may not apply an "absurd results" rule in contravention of the clear terms of the statute. *Cairns v East Lansing*, 275 Mich App 102, 118; 738 NW2d 246 (2007). "It is not within the authority of the judiciary 'to redetermine the Legislature's choice or to indepen-

dently assess what would be most fair or just or best public policy.' " *Lash v Traverse City*, 479 Mich 180, 197; 735 NW2d 628 (2007), quoting *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 504; 638 NW2d 396 (2002).

Petitioner also argues that MCL 205.22 is unconstitutional because it deprives her of due process by not affording her an opportunity to invoke the Tax Tribunal's jurisdiction without paying the entire uncontested portion of the tax assessment. However, petitioner did not raise this issue before the Tax Tribunal; therefore, it is not properly preserved and we need not address it. *Higgins Lake Prop Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 117; 662 NW2d 387 (2003).

Affirmed.