# STATE OF MICHIGAN

# COURT OF APPEALS

COVENTRY HEALTH CARE INC.,

       Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY and THE
REVENUE DIVISION OF THE DEPARTMENT
OF TREASURY,

       Defendants-Appellees.

UNPUBLISHED
October 16, 2014


No. 317389
Court of Claims
LC No. 12-000084-MT

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals the Court of Claims' grant of summary disposition to defendant[1] pursuant to MCR 2.116(C)(4). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On March 30, 2012, defendant Department of Treasury ("the Department") sent a notice of additional tax due to plaintiff Coventry Health Care ("Coventry"), which informed Coventry of adjustments to its 2009 Michigan Business Tax return. The changes resulted in an amount due of $721,198: $556,433 in taxes, $139,108 in penalty, and $25,657 in interest. The notice further provided:

> If we do not receive a response from you within **30 days** of the Notice Dates above, or the due due [sic] date of the return, the account will be referred to Michigan Department of Treasury, Collection Division, and a *Notice of Intent to Assess* for the amount due will be issued. . . . Additional penalty and interest may also be due.

---

[1] Because the departments are the same entity, we use the singular "the Department" throughout the opinion.

If you have any questions, you may contact the Michigan Department of Treasury at the address or phone number shown above. [Emphasis in original.]

The Department eventually levied additional penalties and interest on Coventry, which raised the amount it owed to $746,952.07. Coventry did not pay the Department until June 28, 2012—90 days after the March 30, 2012 notice—when it sent two checks, totaling $721,198, via certified mail to the Department as payment under protest.[2] On that same date, Coventry also filed a complaint disputing the Department's subsequent adjustments to its tax bill, which raised the total amount owed to $746,952.07. Because Coventry's substantive legal arguments were similar to those presented in *Int'l Business Machines Corp v Dep't of Treasury*,[3] which was then pending before our Court, the parties agreed to hold this case in abeyance in July 2012.

In January 2013, the Department asked the court to remove the case from abeyance and grant it summary disposition. It alleged that the Court of Claims lacked jurisdiction over Coventry's appeal under MCL 205.22(2), because Coventry made only a partial payment of the tax it owed before filing its appeal. Though Coventry paid the full amount specified in the March 2012 notice ($721,198) it did not pay the full amount of tax owed as of June 28, 2012 ($746,952.07), which included penalties and interest that accrued *after* March 30, 2012.[4] Coventry responded by asserting that it was entitled to rely on the amount specified in the March 2012 notice, and that MCL 205.22 did not require it to pay any additional penalties or interest before it could bring an appeal. Any holding to the contrary, Coventry argued, made payment as a prerequisite of an appeal a practical impossibility because, the moment a payment was issued, interest would continue to accrue and make the payment less than the total amount owed.

After a motion hearing, the Court of Claims concluded that MCL 205.22(2) requires a party to pay the full amount of "the tax, including any applicable penalties and interest, under

---

[2] MCL 205.22 provides, in relevant part:

> (1) A taxpayer aggrieved by an assessment, decision, or order of the department may appeal the contested portion of the assessment, decision, or order to the tax tribunal within 35 days, or to the court of claims within 90 days after the assessment, decision, or order. The uncontested portion of an assessment, order, or decision shall be paid as a prerequisite to appeal. . . .
>
> (2) . . . In an appeal to the court of claims, the appellant shall first pay the tax, including any applicable penalties and interest, under protest and claim a refund as part of the appeal.

[3] Unpublished opinion per curiam of the Court of Appeals, issued November 20, 2012 (Docket No. 306618), rev 496 Mich 642 (2014).

[4] The Department originally alleged that Coventry's payment was not timely because it was not received until July 9, 2012. However, it waived this issue at oral argument and expressly conceded that it considers mailed payments made as of the date postmarked. Accordingly, we need not address Coventry's claims regarding the timeliness of the payment.

protest" before initiating an appeal. It based its ruling on: (1) the plain language of the statute; (2) Michigan case law that interpreted MCL 205.22(1) to mandate that "[a] partial payment does not satisfy the statute"[5]; and (3) the fact that the March 2012 notice informed Coventry of the accrual of additional penalty and interest. The court accordingly granted the Department's motion for summary disposition under MCR 2.116(C)(4) and dismissed the case for lack of jurisdiction.

## II. STANDARD OF REVIEW

We review de novo whether a trial court properly granted a motion for summary disposition based on MCR 2.116(C)(4). *Harris v Vernier*, 242 Mich App 306, 309; 617 NW2d 764 (2000). Issues of statutory interpretation are also reviewed de novo. *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 112; 845 NW2d 81 (2014). "When interpreting a statute, courts must ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. This requires courts to consider the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." *Id*. (internal citations and quotation marks omitted).

## III. ANALYSIS

MCL 205.22(2) governs appeals of levied taxes to the Court of Claims, and mandates that:

> (2) In an appeal to the court of claims, the appellant *shall first pay the tax, including any applicable penalties and interest*, under protest and claim a refund as part of the appeal. [Emphasis added.]

Accordingly, before a taxpayer appeals the amount of tax he owes to the Court of Claims, he must pay the tax he owes to the Department, including "any applicable penalties and interest."[6] If the taxpayer does not pay this full amount, the Court of Claims will not have jurisdiction over his appeal.

Here, on the date it chose to appeal the amount of taxes owed, Coventry owed $746,952.07. Yet Coventry paid the Department only $721,198 before initiating this lawsuit in the Court of Claims. It therefore did not "pay the tax, including any applicable penalties and interest" *before* it brought its appeal. The Court of Claims thus correctly held that it did not have jurisdiction over Coventry's suit under MCL 205.22.[7]

---

[5] *Toaz v Dep't of Treasury*, 280 Mich App 457, 462; 760 NW2d 325 (2008).

[6] See *Robinson v City of Detroit*, 462 Mich 439, 461–462; 613 NW2d 307 (2000) (discussing the importance of the distinction of using the article "the" rather than "a").

[7] We note that our adherence to the plain meaning of MCL 205.22(2) conforms with our Court's equally sensible approach to the interpretation of MCL 205.22(1), which governs appeals to the Tax Tribunal. See *Toaz*, 280 Mich App at 462:

Coventry's arguments that it should not have to pay the full amount of tax before initiating suit completely disregard the plain language of MCL 205.22(2) and accordingly lack merit. The fact is that Coventry ignored the Department's March 2012 notice, which expressly told Coventry that additional penalties and interest could be added to the tax. The Department further invited Coventry to contact it with any questions about the amount owed. Coventry then waited 90 days before taking any action—time during which any sensible party would have expected interest to accrue. It is obvious, then, that Coventry should not have relied on the amount specified in the March 2012 notice as an accurate calculation of the precise amount of tax it owed in June 2012.

Moreover, the corollary assertion of Coventry's claim—that, under MCL 205.22(2)'s plain meaning, no party could ever invoke the jurisdiction of the Court of Claims, because the moment that a party issued a check to pay the tax, it would not be a "full payment" due to the accrual of interest and possible penalties—is both hyperbolic and nonsensical. Tax is calculated on a per diem basis, and, as noted, the Department accepts mailed payments as made on the date they are postmarked. Accordingly, to comply with MCL 205.22(2), a taxpayer simply needs to determine the additional interest accrued from the date of the notice to the date of payment. As the Court of Claims noted, the Department provides multiple ways to assist taxpayers in making these calculations, including: (1) direct contact with the Department (again, expressly mentioned in the March 2012 notice); (2) a website interest calculator; and (3) publication of interest rates.

Coventry did not use these tools to calculate the precise amount of tax that it owed in June 2012, and thus submitted less money than it actually owed before initiating this appeal, contravening the mandates of MCL 205.22(2). Coventry cannot now demand that our Court ignore MCL 205.22(2) and give it special treatment, when its own failure to follow clear statutory rules placed it in the unenviable situation in which it finds itself today.[8]

The Court of Claims thus correctly held that it lacked jurisdiction over plaintiff's appeal, and properly granted defendant summary disposition pursuant to MCR 2.116(C)(4).

---

Examined in context, the statutory phrase "uncontested portion of an assessment, order, or decision shall be paid as a prerequisite to appeal" is susceptible to only one reasonable interpretation. An aggrieved taxpayer must actually discharge the uncontested tax debt, by full payment, before appealing the contested portion of the tax assessment.

[8] Coventry also makes the unconvincing assertion that requiring it to pay additional amounts of tax not included on the March 2012 notice violates its right to due process. Again, the notice expressly informed Coventry that additional penalties and interest could accrue, which precludes Coventry's supposed reliance on the notice for the amount of tax it owed. Coventry also had the means and the ability to determine the amount due, whether using a calculator on the Department's website or the interest rate publications, or contacting the Department directly. Because the record reveals Coventry received notice of both (1) the assessment, and (2) the potential for additional penalties and interest in the event it did not respond within 30 days, Coventry has not shown that its due process rights were violated.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray