# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT A. BOUIS,

        Petitioner-Appellant,

v

CITY OF LANSING,

        Respondent-Appellee.

UNPUBLISHED
November 17, 2015

No.  322465
Tax Tribunal
LC No.  14-000034

Before:  METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Petitioner appeals as of right from an order of the Michigan Tax Tribunal dismissing his residential property tax appeal for failure to appear at a hearing as required by the notice of hearing.  We affirm.

Respondent denied petitioner's request for a principal residence exemption (PRE) and petitioner appealed to the Tax Tribunal.  The matter was scheduled for a hearing on June 5, 2014, and the certified record indicates that a notice of hearing was sent to petitioner on April 14, 2014. When petitioner did not appear at the hearing, the tribunal entered an order of dismissal.

Petitioner argues that the tribunal erred because he did not receive the notice of hearing. Although petitioner presented this argument before the tribunal in a signed motion for reconsideration of the order of dismissal, petitioner did not pay the filing fee for his motion and did not request a waiver of suspension of fees.  As a result, the tribunal took no action on the motion.  Under these circumstances, we consider the issue unpreserved.  See *Polkton Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005).  Unpreserved issues are reviewed for plain error affecting substantial rights.  *Henderson v Treasury Dep't*, 307 Mich App 1, 9; 858 NW2d 733 (2014).

The certified record indicates that the April 14, 2014, notice of hearing was mailed or e-mailed to petitioner on that date.[1] In *Goodyear Tire & Rubber Co v City of Roseville*, 468 Mich 947; 664 NW2d 751 (2003), the Michigan Supreme Court stated:

> The Tribunal denied the petitioner's motion to reinstate, relying on the fact that notice had been mailed to petitioner and that the notice was not returned as undeliverable. The Tribunal did not determine that petitioner had actual knowledge of the scheduled conference.
>
> While a presumption arises that a letter with a proper address and postage will, when placed in the mail, be delivered by the postal service, this presumption can be rebutted with evidence that the letter was not received. If such evidence is presented, as it was here, then a question of fact arises regarding whether the letter was received.

Here, petitioner attempted to present his "evidence" of non-receipt (i.e., his signed motion for reconsideration) without paying the proper filing fee.[2] Accordingly, no evidence was properly presented to the tribunal regarding non-receipt, and we find no plain error in the tribunal's conclusions.

Petitioner next argues that he was deprived of due process of law because the tribunal would not grant a waiver of suspension of fees pursuant to MCR 2.002(C). However, there is simply nothing in the record establishing that a request for a waiver or suspension of fees pursuant to MCR 2.002(C) was made *with regard to the petition at issue on appeal*.[3] Petitioner

---

[1] Petitioner argues that MCR 2.105 requires that the tribunal provide him notice of hearing. Although we agree that notice of hearing must be given to petitioner, petitioner is incorrect in asserting that the applicable rule is MCR 2.105. The Tax Tribunal is an entity of administrative law. Pursuant to MCL 205.732(d), the tribunal has the authority to promulgate its own rules, including rules that govern practice and procedure. Mich Admin Code, R 792.10285 provides:

> *Notice shall be sent to the parties or their attorneys or authorized representatives of the time and date of the hearing*, if telephonic, and the time, date, and place of the hearing, if by video conference or in-person, not less than 45 days before the hearing, unless otherwise ordered by the tribunal. [Emphasis added.]

Because there is an administrative rule applicable to the situation, the Michigan Court Rules do not apply. See Mich Admin Code, R 792.10215.

[2] Petitioner states on appeal that he was "not made aware of any motion fee" concerning the motion for reconsideration.

[3] Significantly, petitioner makes no argument that the waiver argument was presented as part of the motion for reconsideration, instead arguing that he did not know that a fee was required for

asserts that he filed a petition challenging the denial of a PRE and "[s]imultaneously . . . filed an affidavit to waive court fees," but the record reveals that petitioner filed the petition in February 2014, and the affidavit[4] is dated April 9, 2014. From the arguments and references in petitioner's appellate brief, it appears that the affidavit to waive court fees was filed in conjunction with a *separate petition* relating to a property appraisal. Under the circumstances, we decline to address this issue. *Toaz v Dep't of Treasury*, 280 Mich App 457, 463; 760 NW2d 325 (2008).

We affirm.


/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Jane M. Beckering

---

this motion. See footnote 2, *supra*. We further note that petitioner *paid* the fee for his initial petition.

[4] It is not clear that this affidavit was even filed as part of the official record. The tribunal's "action information" sheet does not refer to it, and it appears that the affidavit is included in the record merely as an attachment to petitioner's appellate brief (a copy of which was filed with the tribunal).