*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CLARISSA KARLING,

      Petitioner-Appellant,

v

ST. CLAIR TOWNSHIP,

      Respondent-Appellee.

UNPUBLISHED
July 21, 2022

No. 358513
Tax Tribunal
LC No. 21-000094

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Petitioner, Clarissa Karling, appeals as of right the final order of the Michigan Tax Tribunal (the "Tax Tribunal") denying her request for a poverty tax exemption from the payment of real property taxes under MCL 211.7u. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In December 2020, Karling applied for a poverty tax exemption for her home located in St. Clair Township. The St. Clair Shores Board of Review ("the Board") denied Karling's application, citing income discrepancies in the application. Karling sent a letter to the Tax Tribunal seeking to appeal the Board's decision. The Tax Tribunal responded, stating Karling was required to file a petition to invoke the Tax Tribunal's jurisdiction. Karling then filed the petition. The Tax Tribunal rejected Karling's appeal, stating the petition was filed in excess of the statute of limitations. Karling moved for reconsideration, which the Tax Tribunal also denied. This appeal followed.

## II. TAX TRIBUNAL APPEAL

Karling argues the Tax Tribunal erred in denying the appeal as untimely. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Issues raised before the Tax Tribunal are generally preserved for this Court's review. *Toaz v Dep't of Treasury*, 280 Mich App 457, 463; 760 NW2d 325 (2008). Karling presents two arguments that are not preserved for our review, however. She contends this Court should consider

this claim timely under principles of equity because the COVID-19 pandemic caused delays in the mail. She also argues the Board and its representative engaged in fraudulent behavior when the Board denied her application for the poverty tax exemption. Neither of these arguments was presented to the Tax Tribunal, so they are unpreserved for appellate review. *Id*. Karling's other arguments were presented to the Tax Tribunal, or are otherwise preserved for our review.

This Court has limited ability to review a decision of the Tax Tribunal. *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490; 618 NW2d 917 (2000). "In the absence of an allegation of fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal committed an error of law or adopted a wrong legal principle." *Id*. "The tribunal's factual findings will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record." *Id*. at 490-491.

This Court reviews arguments not preserved before the Tax Tribunal for plain error affecting substantial rights. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014). "To establish plain error, [a] petitioner must show (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [petitioner's] substantial rights." *Id*. (Quotation marks and citation omitted). To establish prejudice, the petitioner must present evidence the error "affected the outcome of the proceedings before the [Tax Tribunal]." *Id*.

When this Court engages in statutory interpretation our review is de novo. *Fla Leasco, LLC v Dep't of Treasury*, 250 Mich App 506, 507; 655 NW2d 302 (2002).

> The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. This task begins by examining the language of the statute itself. The words of a statute provide the most reliable evidence of its intent[.] If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. [*Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999) (quotation marks and citations omitted).]

## B. LAW AND ANALYSIS

MCL 205.735a(6) states the Tax Tribunal's jurisdiction is invoked when the petitioner files "a written petition within 35 days after the final decision, ruling, or determination." The Tax Tribunal denied Karling's petition because the petition was filed beyond the 35-day deadline to file a petition and invoke the Tax Tribunal's jurisdiction under MCL 205.735a. The Board of Review denied Karling's application for the poverty tax exemption on December 16, 2020. While Karling sent a letter to the Tax Tribunal on January 11, 2021, disputing the denial, Karling's letter was not in the form of a petition. Karling did not file a petition disputing respondent's decision until February 2, 2021. The Tax Tribunal correctly concluded it lacked jurisdiction to consider Karling's appeal because Karling's petition was filed beyond the 35-day deadline. *Sun Valley Foods Co*, 460 Mich at 236-237 (courts should interpret statutes by their plain language). Because we conclude the Tax Tribunal lacked jurisdiction to consider Karling's appeal, we need not

consider Karling's other arguments.  We affirm the Tax Tribunal's rejection of Karling's appeal as untimely.


/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates