*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YUSONG GONG,

        Petitioner-Appellant,

v

TOWNSHIP OF ANN ARBOR,

        Respondent-Appellee.

UNPUBLISHED
June 24, 2025
2:40 PM

Nos. 371714; 371870; 372229
Tax Tribunal
LC No. 22-001161; 23-003046

Before: GARRETT, P.J., and RICK and FEENEY, JJ.

PER CURIAM.

This consolidated appeal[1] arises from petitioner-appellant's, Yusong Gong's, small claims cases with the Michigan Tax Tribunal (MTT), in which appellant argued that she was entitled to a poverty exemption on her principal residence for the 2022 (MTT 22-001161) and 2023 (MTT 23-003046) tax years. In Docket Nos. 371714 and 371870, Gong appeals as of right the tribunal's orders denying reconsideration of the previous orders denying Gong's request to protect her personal identifiable and confidential information from the MTT public database.[2] In Docket No. 372229, Gong appeals as of right the tribunal's final opinion and judgment denying her 2023 exemption claim. We affirm, but we remand this matter for the ministerial task of redacting the remaining financial account numbers from the tribunal's evidence in MTT 22-001161.

## I. FACTS

---

[1] *Gong v Ann Arbor Twp*, unpublished order of the Court of Appeals, entered January 22, 2025 (Docket Nos. 371714; 371870; 372229).

[2] As an initial matter, the township argues that this Court does not have jurisdiction over this appeal. Nonetheless, the township requests that this Court exercise its discretion to treat the appeal as leave granted in the interest of judicial economy. Accordingly, rather than address the merits of this jurisdictional issue, we treat respondent's claim of appeal as an application for leave to appeal and grant it. *Wardell v Hincka*, 297 Mich App 127, 133 n 1 (2012).

Gong applied for two separate property tax exemptions in this case: (1) Gong's 2022 property tax exemption application is identified as MTT 22-001161, and (2) Gong's 2023 property tax exemption application is identified as MTT 23-003046.

## A. GONG'S 2022 PROPERTY TAX EXEMPTION APPLICATION—MTT 23-003046

In May 2022, Gong filed a property tax exemption petition with the tribunal. Ann Arbor Township (the township) answered, stating that Gong "applied to the 2022 March Board of Review for a Poverty Exemption. Local guidelines limit assets to no more than [$25,000]. [Gong] has over $400,000 in assets"; therefore, the board of review denied Gong's poverty exemption in March 2022. For evidence, the township submitted "[a] complete copy of the packet [Gong] supplied" to the board of review. In December 2022, the tribunal confirmed the poverty-exemption denial in a final opinion and judgment.

## B. GONG'S 2023 PROPERTY TAX EXEMPTION APPLICATION—MTT 23-003046

In August 2023, Gong filed another property tax exemption petition with the tribunal. The township answered, explaining that the board of review denied Gong's poverty exemption in July 2023 because Gong's "assets exceed the guidelines." Again, the township submitted the documentation that Gong provided to the board of review. In August 2024, the tribunal confirmed the poverty-exemption denial in a final opinion and judgment.

## C. ATTEMPTS TO REMOVE PERSONAL INFORMATION FROM BOTH CASES

In April 2024, Gong moved to remove her personal information from the MTT public database in both MTT 22-001161 and MTT 23-003046—MTT 22-001161 had been closed for 485 days before this motion was filed, and MTT 23-003046 was still pending review. Gong stated that the township's evidence contained "sensitive personal financial information, such as Federal 1040 forms, bank statements, [and] retirement saving account details." Accordingly, Gong requested the tribunal "to remove all files which contain personal financial information" from both cases. In June 2024, the tribunal issued identical orders in both cases, denying Gong's request. The tribunal explained that as part of its routine procedures, "any and all personal identifying information from the documents submitted by the parties as evidence" had already been redacted, pursuant to "TTR 203(h)."[3]

---

[3] The Michigan Tax Tribunal Rules have since been amended, effective March 28, 2025. See Mich. Admin. Code, R. 792.10201 *et seq.* Notably, the definition that the trial court referenced, Mich. Admin. Code, R. 792.10203(h), has been renumbered as Mich. Admin. Code, R. 792.10203(l), but aside from some capitalization changes, the definition's content is unaltered. This opinion relies on the version of the rules in effect at the time of trial. At the time of trial, Mich. Admin. Code, R. 792.10203(h) stated as follows: " 'Personal identifying information' means date of birth, social security number or national identification number, driver's license number or state-issued personal identification card number, passport number, and financial account numbers."

Gong moved for reconsideration, specifically asking the tribunal to remove over 140 pages of the township's evidence "from public website." The tribunal denied Gong's request, finding that: (1) none of the law cited by Gong applied, (2) "[t]he Tribunal has a duty to permit public attendance of its hearings and inspection of its documents unless there is a specific statute or rule permitting exclusion or redaction," and (3) Gong failed to "demonstrate any personal identifying information that remains unredacted and could be used against" her.

In August 2024, Gong again requested further redactions from the township's evidence. Gong acknowledged that the tribunal "published all the documents filed by [the township] on Docket Search website *after [it] redacted* some of the personally identifiable numbers and account numbers" (emphasis added). Therefore, Gong was not implying that her documents were published on the website without *any* redactions, just that the documents were published without *the proper* redactions. Gong believed that further redactions should include her: driver's license photo, birthdate, Medicaid card number, EBT card, federal and state tax return forms, and SSA letters. In September 2024, the tribunal partially granted Gong's request for further redaction, stating that it would redact: (1) any information relating to health or medical information, and (2) any personal identifying information subject to MCR 1.109(D)(9)(a). The tribunal explained that "any requests beyond this are denied."

Gong now appeals.

## II. PROTECTION OF PERSONAL INFORMATION

Gong first argues that the tribunal erred by denying the motions to protect her personal identifiable and confidential information.[4] We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Gong preserved the issue of redaction by repeatedly raising it before the tribunal. See *Toaz v Dep't of Treasury*, 280 Mich App 457, 463; 760 NW2d 325 (2008). "This Court's ability to review decisions of the Tax Tribunal is very limited." *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 630; 806 NW2d 342 (2011). Accordingly, "this Court's review of decisions of the Tax Tribunal, in the absence of fraud, is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided that they are supported by competent and substantial evidence." *Id.* at 631 (quotation marks and

---

[4] In relation to this issue, Gong cursorily requests that this Court order the township to apologize and compensate Gong with $50,000 for her medical treatments and emotional damages. This issue is not preserved because Gong did not raise it before the tribunal. See *Toaz v Dep't of Treasury*, 280 Mich App 457, 463; 760 NW2d 325 (2008). Accordingly, this Court does not need to consider it. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023).

citation omitted).[5] "Statutory interpretation is a question of law, which we review de novo." *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 112; 845 NW2d 81 (2014).

## B. ANALYSIS

"Tax exemptions are strictly construed in favor of the taxing authority, and the petitioner has the burden to prove, by a preponderance of the evidence, that he or she is entitled to the requested exemption." *Spranger v Warren*, 308 Mich App 477, 479; 865 NW2d 52 (2014) (quotation marks and citations omitted). "The Tax Tribunal has exclusive jurisdiction to hear a taxpayer's claim for a poverty exemption under MCL 211.7u following an unsuccessful request before the local board of review." *Id*. "A petitioner's request for a poverty exemption must be submitted on a form provided by the local assessing unit, MCL 211.7u(2)(b), and must comply with the policies and guidelines of the local assessing unit, MCL 211.7u(4)." *Id*. at 479-480.

In this case, the township's evidence before the tribunal consisted of the packet that Gong submitted to the township's board of review with her poverty exemption application. The township's poverty-exemption guidelines require the following documentation to be submitted with each application:

• Per MCL 211.7u(2)(b), federal and state income tax returns for all persons residing in the principal residence must be included with the application including any property tax credit returns. The tax returns may be from the current or preceding tax year. If any person in the household is not required to file federal or state tax returns, the included affidavit, form 4988, must be completed by each person that does not file taxes.

• The most recent statement for all bank accounts, investments, IRAs, CDs, *401Ks*, money market, annuities, etc. The statement submitted must be complete with no missing pages and submitted for all persons residing in the home.

• Proof of income/assets from the Social Security Administration, Veterans Administration, Medicare, Medicaid, Bridge Card, and any College/University scholarships for all persons residing in the home.

• The most recent mortgage statement of the primary residence under review, including any reverse mortgages.

---

[5] Notably, appellee cites this same case for the assertion that "[t]his Court utilizes the 'abuse of discretion standard' when reviewing 'a trial court's decision on a motion for a protective order' " (Appellee's Brief on Appeal, 11/26/24, 5, Docket No. 371714, Mappis Event 29). But, this case does not include that language. Although it is true that "this Court reviews for an abuse of discretion a trial court's decision on a motion for a protective order," *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 397; 872 NW2d 223 (2015), it is indisputable that Gong's requests were not classified as a "protective order" under MCR 2.302(C).

-4-

• If primary residence being sought for exemption was purchased within the past two years of this application, homeowner's closing statements must be submitted with application.

Accordingly, Gong's 2022 application included the following: a letter from Gong's son, Gong's 2021 IRS 1040, Lincoln Financial Group IRA documents, Fidelity retirement savings account documents, Vanguard Voyager traditional IRA brokerage account documents, Chase Bank statements, Wells Fargo mortgage documents, Social Security Administration (SSA) statement of benefits, a certificate of title to a 2010 Toyota Camry, and documents detailing Gong's principal place of residence. And Gong's 2023 application included the following: 2022 IRS 1040; 2022 Michigan tax certification; SSA statement of benefits; SSA benefits worksheet; SSA disability payments; Chase Bank statements; screenshots of Gong's investments; qualified retirement savings accounts; food assistance program notices of case action; documents detailing Gong's principal place of residence; and Gong's driver's license, Mi Health card, and bridge card.

On appeal, Gong argues that her "most sensitive health and financial information such as [her] driver's license photograph, federal and state tax income return forms, SSA disability letters, medicaid/EBT card, email address and cell phone number are still public accessible on MTT's unsecured docket website." Gong cites a plethora of statutes and codes that she deems relevant to this issue; however, Gong fails to explain how these rules control MTT proceedings. The tax tribunal rules "govern practice and procedure in all contested cases and proceedings before the tribunal." Mich. Admin. Code, R. 792.10201(1). "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Id*. at 339-340. Accordingly, we consider Gong's arguments concerning these statutes and codes abandoned. See *id*.

Nevertheless, Gong's general allegation—that the redactions made in this case were not thorough enough—lacks merit.

As an initial matter, Gong now argues that before performing any redactions, the tribunal immediately released all evidence submitted by the township. This argument is unfounded because: (1) there is no evidence proving this allegation, and (2) it directly contradicts Gong's position before the tribunal.

When requesting redactions in this case, Gong acknowledged that the tribunal redacted "some of the personally identifiable numbers and accounts numbers" from the township's evidence before publishing it on the docket search website.[6] Nevertheless, Gong believed that the

---

[6] The tribunal explained that these redactions were done pursuant to Mich. Admin. Code, R. 792.10203(h), which stated as follows: " 'Personal identifying information' means date of birth, social security number or national identification number, driver's license number or state-issued personal identification card number, passport number, and financial account numbers."

documents should have been redacted further. Eventually, the tribunal granted Gong's request for further redaction, stating that it would redact: (1) any information relating to health or medical information; and (2) any personal identifying information subject to MCR 1.109(D)(9)(a).[7] Gong has continued to argue that instead of redacting *portions* of the documents, the *entirety* of the documents should be removed from the docket search website. Again, this argument is in direct conflict with the rules that the tribunal relied upon, and Gong has failed to properly address the merits of this assertion. *Id*. at 339-340. Accordingly, we conclude that the tribunal did not err by redacting the township's evidence under Mich. Admin. Code, R. 792.10203(h) and MCR 1.109(D)(9)(a).

After a thorough review of the records in this case, we have generally found that the redactions made are in alignment with the tribunal's orders, but in MTT 22-001161: (1) Gong's "Chase Total Checking" and "Chase Savings" account numbers were not redacted from one Chase Bank document, and (2) numerous bank account numbers that Gong interacted with were not redacted from four Chase Bank documents. Therefore, we remand this matter for the ministerial task of redacting the remaining financial account numbers—in accordance with Mich. Admin. Code, R. 792.10203(h) and MCR 1.109(D)(9)(a)(*v*)—from the tribunal's evidence in MTT 22-001161.

### III. LIQUID ASSETS

Gong further argues that the tribunal erred by finding that retirement accounts constituted liquid assets. We disagree.

### A. PRESERVATION

Gong preserved this issue by raising it before the tribunal. See *Toaz v Dep't of Treasury*, 280 Mich App at 463.

---

[7] MCR 1.109(D)(9)(a) states as follows:

> (a) The following personal identifying information is protected and shall not be included in any public document or attachment filed with the court on or after April 1, 2022, except as provided by these rules:
>
> (*i*) date of birth,
>
> (*ii*) social security number or national identification number,
>
> (*iii*) driver's license number or state-issued personal identification card number,
>
> (*iv*) passport number, and
>
> (*v*) financial account numbers.

B. ANALYSIS

Gong cites a plethora of statutes and codes that she deems relevant to this issue; however, Gong fails to explain how these rules control MTT proceedings. The tax tribunal rules "govern practice and procedure in all contested cases and proceedings before the tribunal." Mich. Admin. Code, R. 792.10201(1). "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Johnson*, 256 Mich App at 339. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Id*. at 339-340. Accordingly, we consider Gong's arguments concerning these statutes and codes abandoned. See *id*.

Nevertheless, Gong's general allegation—that a retirement account cannot be considered a liquid asset—lacks merit.

"A petitioner's request for a poverty exemption must be submitted on a form provided by the local assessing unit, MCL 211.7u(2)(b), and must comply with the policies and guidelines of the local assessing unit, MCL 211.7u(4)." *Spranger*, 308 Mich App at 479-480. "The guidelines must include, but are not limited to, the specific income and asset levels of the claimant and total household income and assets." MCL 211.7u(4).

In this case, the township's poverty exemption guidelines stated that the "[m]aximum total allowed liquid assets, specifically amounts in banking/investment accounts may not exceed $25,000 for the entire household." MCL 211.7u does not define what constitutes "liquid assets," or even "assets," under the poverty exception. When "a word is not defined in the statute, a court may consult dictionary definitions." *Nat'l Ctr for Mfg Sciences, Inc v Ann Arbor*, 221 Mich App 541, 546; 563 NW2d 65 (1997). Black Law's Dictionary defines the term "liquid asset" as a "current asset," which is "[a]n asset that is readily convertible into cash, such as a marketable security, a note, or an account receivable." *Black's Law Dictionary* (12th ed).

Gong's argument rests on the assertion that retirement accounts are intended for long-term use and often come with penalties for early withdrawal. But, as the tribunal explained,

> [w]ithout discrediting the fact that there may be penalties associated with withdrawal from [Gong's] investment accounts, [Gong] has not demonstrated any legal basis to find that these accounts are not liquid, as [Gong] could choose to convert the account into cash within a matter of a small number of days.

Evidence showed that Gong had investment and retirement accounts totaling $237,478.39, and self-managed accounts totaling $167,318.82. Because Gong could choose to withdraw money from these accounts at any time, albeit with a penalty fee, the tribunal did not err by determining that the township's poverty exemption guidelines included retirement accounts as liquid assets. See *President Inn Props, LLC*, 291 Mich App at 630; *Black's Law Dictionary* (12th ed).

Moreover, the township's poverty exemption guidelines explained that the "Asset Level" did not include the petitioner's primary residence for which the exemption was being sought, but it did "include, but [was] not limited to" the following:

- A second home, additional land not associated with the primary residence, or other buildings other than the primary residence being sought for exemption.

- Vehicles and other recreational vehicles such as motor homes, campers, ATVs, boats, and motorcycles.

- Jewelry, antiques, artwork, equipment, and other personal property of value.

- Bank accounts, stocks, bonds, and investments. This also includes the money received from the sale of stocks, bonds, investments, cars, and houses unless a person is in the specific business of selling such property.

- Withdrawals of bank accounts and borrowed money.

- Gifts, loans, lump-sum inheritances, and one-time insurance payments.

- Food or housing received in lieu of wages and the value of food and fuel produced and consumed on farms.

- Federal non-cash benefits programs such as Medicare, Medicaid, food stamps, and school lunches.

- The total interest income in all accounts (checking, savings, CDs, IRAs, 401Ks, money market, annuities, etc.)

- The applicant shall not have ownership interest in any real estate other than the primary residence being considered for exemption.

The plain language of the introductory phrase to this list—"It does include, but is not limited to:"—clearly explains that the list is meant to be used as a guide, not act as comprehensive parameters. Accordingly, assets outside of the wide, listed array, such as retirement accounts, may also constitute liquid assets. Therefore, the tribunal did not err by determining that the township's poverty exemption guidelines included retirement accounts as liquid assets.

## IV. CONCLUSION

Affirmed but remanded for the ministerial task of redacting the remaining financial account numbers from the tribunal's evidence in MTT 22-001161. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Kathleen A. Feeney