## *In re* SMITH

Docket No. 299300. Submitted February 9, 2011, at Detroit. Decided February 15, 2011, at 9:15 a.m. Amended by order entered March 1, 2011, to change from an unpublished opinion per curiam to an opinion per curiam for publication. 291 Mich App 801.

The Department of Human Services petitioned to terminate the parental rights of the father of G. Smith, a minor, in the Kent Circuit Court, Family Division. The court, Daniel V. Zemaitis, J., entered an order terminating the father's parental rights pursuant to MCL 712A.19b(3)(g), (j), and (*l*). Respondent appealed, contending that clear and convincing evidence did not support the order and that termination was improper because he was incarcerated and petitioner did not provide him with services for reunification.

The Court of Appeals *held*:

Petitioner failed to meet its statutory duty to facilitate reunification between respondent and the child. In fact, petitioner made no attempt to allow them to reunite, but focused its efforts solely on termination. Reversal is not required, however, because the trial court did not clearly err by finding that grounds for termination under MCL 712A.19b(3)(*l*) were established by the clear and convincing evidence showing that the child's sister had previously been the subject of a child-protective proceeding and that respondent's parental rights to the child's sister had been involuntarily terminated. Given the absence of any bond between respondent and the child, the trial court did not clearly err by finding that termination of respondent's parental rights was in the child's best interests under MCL 712A.19b(5).

Affirmed.

*John P. Pyrski* for defendant.

Before: CAVANAGH, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM. Respondent appeals as of right an order terminating his parental rights to his minor child pursuant to MCL 712A.19b(3)(g), (j), and (*l*). We affirm.

Respondent argues that the trial court's order terminating his parental rights was not supported by clear and convincing evidence, but he does not directly challenge the trial court's determination that grounds for termination were established under MCL 712A.19b(3)(g), (j), and (*l*). Relying on *In re Mason*, 486 Mich 142; 782 NW2d 747 (2010), he contends that termination was improper because he was incarcerated and petitioner, the Department of Human Services (DHS), did not provide him with services for reunification. We agree and hold that petitioner failed to meet its statutory duty to facilitate reuniting respondent and his child. Our Supreme Court has held "[t]he state is not relieved of its duties to engage an absent parent merely because that parent is incarcerated." *Id.* at 152. Unfortunately for respondent, petitioner misunderstood the extent of its obligation to an incarcerated father and determined that it was under no duty to facilitate reunification.

Petitioner removed respondent's son from the care of the child's mother on October 13, 2009. The child's mother identified respondent as the child's father. Petitioner learned that respondent was being held in the Kent County jail awaiting sentencing, but no DHS employee visited respondent any time during the proceedings regarding his child's care. Petitioner chose to communicate with respondent solely through letters, despite acknowledging that there were no barriers to face-to-face contact. Petitioner never believed that reunification was an option. Petitioner's initial correspondence with respondent clearly stated the case manager's belief that respondent's incarceration rendered "working on a treatment plan" with the DHS "not possible." The case manager testified that she would not provide services to respondent. As a result, there was never a parent-agency agreement proposed for respondent.

Petitioner believed termination to be the only option in this case and recommended to respondent that he voluntarily release his rights before he was determined to be the child's legal father. Petitioner repeatedly asked respondent to release his rights from the time of their initial communication, even though respondent gave no indication that he wished to do so. Petitioner refused to make efforts that were not aimed toward termination, and the case manager focused the majority of her correspondence with respondent on the releasing of his rights. Even after establishing that respondent wished to parent his son, little was done to provide services to facilitate this. Respondent informed petitioner that he had completed a number of substance-abuse-cessation goals and that his attorney had proof of his progress, but petitioner chose to ignore this information rather than use it in forming a plan for respondent. The record clearly shows that petitioner made no attempt to allow for respondent's reuniting with his child and instead focused its efforts solely on termination.

Nonetheless, petitioner's apathetic approach to respondent's right to services does not require reversal. Pursuant to MCL 712A.19a(2)(c), the prior involuntary termination of parental rights to a child's sibling is a circumstance under which reasonable efforts to reunite the child and family need not be made. It is undisputed that the child's sister was previously the subject of a child-protective proceeding and that respondent's parental rights to the child's sister were involuntarily terminated. " 'Reasonable efforts to reunify the child and family must be made in *all* cases' except those involving aggravated circumstances not present in this case." *Mason*, 486 Mich at 152 (citation omitted). We find it incongruous that the prior termination of a parent's rights to another child is treated the same as if the parent had murdered the other child—both result

in a blanket grant of authority to petitioner to abdicate responsibility for so much as a token effort—irrespective of whether the parent might someday reform his or her life. However, the Legislature may make policy choices that seem, from our perspective, unwise. *People v McIntire*, 461 Mich 147, 159; 599 NW2d 102 (1999). Therefore, the trial court did not clearly err by finding that grounds for termination under MCL 712A.19b(3)(*l*) were established by clear and convincing evidence. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000); MCR 3.977(K).

Further, given the absence of any bond between respondent and the child, the trial court did not clearly err by finding that termination of respondent's parental rights was in the child's best interests. MCL 712A.19b(5).

Affirmed.