# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. BELL JR., III, Minor.

UNPUBLISHED
April 28, 2015

No. 323782
Berrien Circuit Court
Family Division
LC No. 2013-000143-NA

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court order terminating his parental rights to the minor child pursuant to MCL 712A.19b(3)(g) (failure to provide proper care or custody) and (j) (reasonable likelihood of harm if child is returned to parent).[1] We affirm.

## I. STATUTORY GROUNDS

## A. STANDARD OF REVIEW

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "We review the trial court's determination for clear error." *Id.* "A decision is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re B & J*, 279 Mich App 12, 17-18; 756 NW2d 234, 238 (2008) (quotation marks and citation omitted).

## B. ANALYSIS

MCL 712A.19b(3)(j) provides for termination when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

---

[1] Contrary to respondent's argument on appeal, the trial court did not terminate his parental rights under MCL 712A.19b(3)(*l*).

-1-

The trial court properly terminated respondent's rights pursuant to MCL 712A.19b(3)(j). Respondent did not complete services during the proceedings. He only attended one parenting time session with the minor child, and left early. He also had a criminal history involving domestic violence and was registered as a sex offender. He was in and out of jail throughout these proceedings, and showed no inclination to plan for the minor. The caseworker was concerned that the minor child would be subject to respondent's assaultive behavior if returned to his care. At the time of termination hearing, respondent lacked appropriate housing and the financial means to care for the minor child. Also, significant concerns were raised regarding respondent's emotional instability, substance abuse, and lack of parenting skills.

The trial court's finding pursuant to MCL 712A.19b(3)(j) does not leave us with "a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). See also *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011) (holding that MCL 712A.19b(3)(j) contemplates not only physical harm or abuse but includes when "the children had been, and continued to be, at risk of *emotional* harm." (Emphasis in original)).

Respondent, however, argues that he should have been given additional time to demonstrate that he could provide a safe home and protect the minor child. However, MCL 712A.19b(3)(j) does not require the trial court to grant respondent additional time to complete services, and "we will not read words into the plain language of the statute." *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 411; 809 NW2d 669 (2011). Moreover, considering respondent's marked lack of progress and disinterest in the proceedings, there is nothing on the record to indicate that additional time would make a difference regarding the minor child being safe in respondent's care.

We also note that "[i]t is only necessary for the DHS to establish by clear and convincing evidence the existence of one statutory ground to support the order for termination of parental rights[,]" *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012), so we need not consider MCL 712A.19b(3)(g).

## II. BEST INTEREST

### A. STANDARD OF REVIEW

Respondent next challenges the trial court's best-interests findings. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "We review for clear error . . . the court's decision regarding the child's best interest under MCL 712A.19b(5)." *Id.* (quotation marks and citation omitted). "A trial court's decision is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* at 41 (quotation marks, citation, and brackets omitted).

### B. ANALYSIS

"In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency,

stability, and finality, and the advantages of a foster home over the parent's home[.]" *In re Olive/Metts Minors*, 297 Mich App at 41-42 (internal citations omitted).

The record does not support that respondent and the minor child were bonded. During the nine-month proceedings, respondent only attended one parenting time visit. During the visit, he held the minor child for a few minutes and, apparently uninterested, failed to interact with the minor. Respondent left the visit early. At the time of the termination hearing, the minor child was nine months old and had been in foster care for almost his entire life. Respondent did not participate in services, did not stay in reliable contact with the caseworker, and did not ask about the minor child's wellbeing. "[G]iven the absence of any bond between respondent and the child, the trial court did not clearly err by finding that termination of respondent's parental rights was in the child's best interests." *In re Smith*, 291 Mich App 621, 624; 805 NW2d 234 (2011).

The record also does not support that the minor child would be safe in respondent's care given his history of assaultive behavior and his failure to attend counseling to address his mental instability. *In re VanDalen*, 293 Mich App at 141 ("The evidence clearly supported the trial court's finding that termination was in the child['s] best interests" because "[c]ompelling evidence indicated that the children would not be safe in respondent['s] custody[.]").

Although respondent again argues that he should have been given additional time to demonstrate that he could participate and benefit from services, "once a statutory ground is established, a parent's interest in the care and custody of his or her child yields to the state's interest in the protection of the child." *In re Foster*, 285 Mich App 630, 635; 776 NW2d 415 (2009). The minor child required a permanent and stable environment, and respondent was unable to provide it. Given respondent's inability or unwillingness to participate in services, attend parenting time, and refrain from criminal activity, the trial court did not clearly err in finding that termination of respondent's parental rights was in the minor child's best interests. *In re HRC*, 286 Mich App at 459.

## III. CONCLUSION

The trial court properly found the statutory grounds for termination and that termination was in the minor child's best interests. We affirm.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan