*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. R. WILLIAMS, Minor.

UNPUBLISHED
April 11, 2024

No. 367165
Oakland Circuit Court
Family Division
LC No. 22-884765-NA

Before: RIORDAN, P.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the minor child, ARW, under MCL 712A.19b(3)(i) (parental rights to siblings have been terminated and parent failed to rectify conditions that led to prior termination) and (j) (reasonable likelihood child will be harmed if returned to the parent's home). Respondent pleaded no contest to the statutory grounds for termination and on appeal only challenges the trial court's best-interest determination. As part of its best-interest ruling, the trial court relied on an outdated definition of "relative," which led to the court failing to consider whether termination was in ARW's best interests in light of her placement with a relative in contravention of established caselaw. We accordingly vacate the order terminating respondent's parental rights and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In May 2022, when ARW was about 10 months old, respondent and ARW were involved in a single-vehicle accident. The accident occurred when respondent drove into a building with ARW in the car. Respondent subsequently failed multiple sobriety tests, and it was determined that she had a BAC of 0.26%.

On July 27, 2022, the Department of Health and Human Services (DHHS) petitioned the trial court to take jurisdiction over ARW and terminate respondent's parental rights. The petition alleged that respondent had an extensive criminal history, including multiple past convictions for operating a vehicle while intoxicated. The petition further alleged that respondent previously had her parental rights to two other children terminated in 2018 due to serious and chronic neglect. As part of the previous case, the petition explained, respondent had been offered services including a psychological evaluation, random drug and alcohol screenings, mental health services, and

parenting classes. The petition asserted that, despite these services, respondent continued to demonstrate poor decision-making skills and had still not rectified the conditions that led to the previous termination of her parental rights.

During the preliminary inquiry, the trial court found probable cause to authorize the petition. At the time, ARW was in the care of her legal father. The trial court granted respondent supervised parenting time, reasoning that a bond existed between ARW and respondent, and there was no risk of harm.

In October 2022, respondent was incarcerated after police responded to a call about a domestic dispute involving respondent, and it was discovered that respondent had an outstanding warrant related to the May 2022 incident.

In December 2022, respondent pleaded no contest to the factual basis of the jurisdictional and statutory grounds for termination. The trial court entered an order of adjudication, exercising its jurisdiction and determining that statutory grounds existed to terminate respondent's parental rights. The trial court ordered a separate hearing to determine whether termination of respondent's parental rights would be in ARW's best interests.

That best-interest hearing was held on February 6, 2023. Shannon Conz, a psychologist for the Oakland County Court Psychological Clinic who interviewed and evaluated respondent, opined that reunification with respondent was not in ARW's best interests. Respondent had told Conz that she did not feel her alcohol use was a problem. This led Conz to doubt whether substance abuse treatment would benefit respondent because Conz believed that respondent had to first acknowledge she had a problem before she could "gain insight from" treatment. Conz testified that she also had "severe doubts" that respondent could provide a safe home environment for ARW in light of respondent's refusal to recognize her problem with alcohol.

Kristin Karoub, a protective services worker with the DHHS, testified that she supervised visits between respondent and ARW. According to Karoub, ARW was familiar with respondent but looked to her father as a parental figure. When asked whether termination of respondent's parental rights would be in the best interests of ARW, Karoub opined that it would be because the DHHS "still [had] the same concerns from" the previous termination proceedings in 2018. Karoub also echoed Conz's testimony that ARW's safety could not be assured in respondent's care so long as respondent's substance abuse continued to go unaddressed, and Karoub did not believe that respondent's issues with substance abuse could be adequately addressed until respondent recognized that it was an issue.

Respondent testified and denied telling Conz that her alcohol use was not a problem. According to respondent, she acknowledged that she had an "alcohol problem" but did not believe that it interfered with her parenting. When she is responsible for caring for her children, respondent explained, she may "have a shot or two, but that does not stop [her] from" parenting appropriately. Respondent further testified that she was willing to participate in substance abuse treatment but emphasized that it was never offered as part of the current proceedings. Respondent believed that she could refrain from further alcohol use if she was provided with appropriate "instruction and therapy."

After listening to all this evidence and hearing the parties' closing arguments, the trial court found that termination of respondent's parental rights was in ARW's best interests. First addressing respondent's bond with ARW, the court reasoned that, while a bond existed between them, it was not strong. As to respondent's parenting ability, the court found that it was "extremely low" particularly when respondent abused alcohol, which she had "a long history" of doing. That history of substance abuse was one of the reasons that respondent's parental rights to her other children were terminated, the court opined, because it led to respondent's incarceration which in turn spurred the DHHS to file "the petition regarding [respondent's] two other children." The court believed that respondent continued to lack insight into how serious her problem with alcohol was based on Conz's testimony. With respect to ARW's current placement, the court opined that ARW was "placed with a non-relative according to the statute and case law." That placement, the court reasoned, was currently providing ARW with the stability that the young child needed and that respondent had thus far been unable to provide. The court surmised that the only factor weighing against termination was ARW's bond with respondent but "all the other factors severely outweigh that." The court accordingly held that termination of respondent's parental rights was in ARW's best interests.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's finding that termination is in a child's best interests is reviewed for clear error. *In re Rippy*, 330 Mich App 350, 360; 948 NW2d 131 (2019). A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 272-273; 976 NW2d 44 (2021) (quotation marks and citation omitted).

## III. ANALYSIS

Before a respondent's parental rights can be terminated, the petitioner must prove by a preponderance of the evidence that termination is in the child's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The best-interest inquiry focuses on the child, not the parent. *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 9. Various considerations can factor into a trial court's best-interest determination, including the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the parent's history of substance abuse, and the child's wellbeing while in the parent's care. *In re Rippy*, 330 Mich App at 360-361. Additional considerations include the parent's ability to provide a safe and stable home for the child, the parent's psychological evaluation, and the child's age. *In re MJC*, ___ Mich App at ___; slip op at 10.

In *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), our Supreme Court explained that "a child's placement with relatives weighs against termination" under MCL 712A.19a(8)(a),[1]

---

[1] When *In re Mason* was decided, MCL 712A.19a(8)(a) was located in MCL 712A.19a(6)(a). See 2008 PA 200.

and this was "an explicit factor to consider in determining whether termination" was in a child's best interests. Failure to consider to consider this factor, the Court later elaborated, rendered the factual record "inadequate to make a best interests determination." *In re Mays*, 490 Mich 993, 994 (2012). Shortly after *In re Mays*, this Court in *In re Olive/Metts Minors*, 297 Mich App 35, 43-44; 823 NW2d 144 (2012), held that a trial court's failure to explicitly consider a child's placement with a relative amounted to clear error requiring vacatur of the lower court's best-interest analysis.

In this case, ARW was placed in the care of her legal father. The trial court found that ARW was "placed with a non-relative according to the statute and case law." To reach this conclusion, the trial court relied on a former version of MCL 712A.13a(1)(j), which did not include biological parents in the definition of "relative." See, e.g., *In re Schadler*, 315 Mich App 406, 412-413; 890 NW2d 676 (2016) (explaining that "relative" as used in MCL 712A.13a(1)(j), as amended by 2015 PA 228, did not encompass the child's "biological mother").

Effective October 7, 2022, however, the definition of "relative" was amended. 2022 PA 200.[2] Under the updated definition, a "relative" includes an individual who is at least 18-years old and is

> [r]elated to the child within the fifth degree by blood, marriage, or adoption, including the spouse of an individual related to the child within the fifth degree, even after the marriage has ended by death or divorce, the parent who shares custody of a half-sibling, and the parent of a man whom the court has found probable cause to believe is the putative father if there is no man with legally established rights to the child. [MCL 712A.13a(1)(j)(i).]

ARW's father was clearly a "relative" under this definition. Yet the trial court mistakenly considered ARW's father a "non-relative." This resulted in the trial court failing to explicitly consider ARW's placement with a *relative* as part of its best-interest analysis contrary to *In re Mason*, 486 Mich at 164, rendering the factual record "inadequate to make a best interests determination," *In re Mays*, 490 Mich at 994, which requires us to vacate the court's best-interest analysis and remand for further proceedings, *In re Olive/Metts Minors*, 297 Mich App at 44.

The DHHS contends that the trial court was not required to consider ARW's relative placement because, unlike in *In re Mason* and *In re Olive/Metts Minors*, termination in this case was sought in the initial petition. This difference is significant, the DHHS claims, because *In re Mason* and *In re Olive/Metts Minors* relied on MCL 712A.19a(8)(a)[3] which states:

> (8) If the court determines at a permanency planning hearing that a child should not be returned to his or her parent, the court may order the agency to initiate

---

[2] Because a statute is operational on its effective date, *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 12; 740 NW2d 444 (2007), the revised definition applied.

[3] To reiterate, when *In re Mason* and *In re Olive/Metts Minors* were decided, MCL 712A.19a(8)(a) was located in MCL 712A.19a(6)(a). See 2008 PA 200.

proceedings to terminate parental rights. Except as otherwise provided in this subsection, if the child has been in foster care under the responsibility of the state for 15 of the most recent 22 months, the court shall order the agency to initiate proceedings to terminate parental rights. The court is not required to order the agency to initiate proceedings to terminate parental rights if 1 or more of the following apply:

(a) The child is being cared for by relatives.

While it is true that this case did not proceed to a termination hearing under this subsection, the DHHS does not adequately explain why that is significant. *In re Mason* and *In re Olive/Metts Minors* relied on MCL 712A.19a(8)(a) (previously subsection (6)(a)) because that subsection makes plain that the Legislature considers a child's placement with relatives to be a factor that can strongly weigh against termination. The subsection states that, even if a trial court would otherwise be required to initiate termination proceedings, it is not required to do so if the child is in a relative placement. Both cases extrapolated from this that placement with relatives "was an explicit factor to consider in determining whether termination was in the children's best interests." *In re Mason*, 486 Mich at 164. See also *In re Olive/Metts Minors*, 297 Mich App at 43. Nothing about the text of MCL 712A.19a(8)(a) suggests that it is identifying a factor that is required to be considered when determining whether termination is in a child's best interests.[4] That was simply a reasonable inference that the courts drew from the statute's text—if placement with a relative is so significant that a trial court can decline to initiate termination proceedings that it would otherwise be required to order, then trial courts should be required to take that placement into account when deciding whether termination is in the child's best interests. This reasoning holds true for any best-interest analysis, regardless of the manner in which termination proceedings were initiated. Indeed, nothing in either *In re Mason* or *In re Olive/Metts Minors* suggests that those cases cabined their pertinent holdings to only cases proceeding to termination under MCL 712A.19a(8)(a), as the DHHS contends. We accordingly reject the DHHS's invitation to carveout an exception to the

---

[4] This fact was pointed out by the dissent in *In re Mays*:

[T]he majority faults the court for not considering the children's placement with a relative. However, the proposition that a court must *always* consider placement with a relative before termination, even after grounds for termination have been established and "best interest" findings made, lacks grounding in the law, which contains no specific factors that a court must invariably consider in deciding a termination case. . . . While placement with a relative may in many instances constitute a relevant consideration in the "best interest" determination, the failure to consider it in a particular case does not necessarily preclude the court from determining that termination is in the children's "best interests." [*In re Mays*, 490 Mich at 996-997 (MARKMAN, J., dissenting).]

rule that a trial court must consider a child's placement with relatives as part of its best-interest analysis.[5]

## IV. CONCLUSION

Regardless of factors weighing in favor of termination, we vacate the trial court's best-interest determination and remand for further consideration of ARW's best-interests consistent with this opinion. We retain jurisdiction.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado

---

[5] Briefly, as part of her best-interest argument, respondent contends that the DHHS failed to provide reasonable efforts. To the extent that this argument presents a separate substantive issue, it is waived because respondent failed to properly present the issue in her statement of questions presented. See *In re BKD*, 246 Mich App 212, 218; 631 NW2d 353 (2001). Regardless, reasonable efforts were not required in this case because respondent had her parental rights to ARW's siblings involuntarily terminated and failed to rectify the conditions that led to that earlier termination. See MCL 712A.19a(2)(c). See also *In re Sanborn*, 337 Mich App at 260; *In re Smith*, 291 Mich App 621, 623; 805 NW2d 234 (2011).

# Court of Appeals, State of Michigan

## ORDER

Michael J. Riordan
Presiding Judge

IN RE A R WILLIAMS MINOR

Docket No.     367165

Colleen A. O'Brien

LC No.     2022-884765-NA

Allie Greenleaf Maldonado
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, this case is remanded to the trial court for further consideration of ARW's best interests. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 11, 2024
Date

Chief Clerk