*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. A. M. OGLETREE, Minor.

UNPUBLISHED
December 11, 2025
1:40 PM

No. 376781
Calhoun Circuit Court
Family Division
LC No. 2023-002145-NA

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to the minor child under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (3)(c)(*ii*) (failure to rectify other conditions), and (3)(j) (child will be harmed if returned to parent). We reverse and remand for further proceedings.

## I. RELEVANT FACTS

This matter began when the minor child was taken into protective custody in August 2023 after the child's mother was admitted to a psychiatric hospital. At the time, respondent was incarcerated in federal prison, and his potential outdate was not scheduled until 2027. Following the recommendation of the Department of Health and Human Services (DHHS), the trial court ordered respondent to comply with, and benefit from, the Case Service Plan (CSP); receive substance-abuse treatment; receive psychological treatment; attend parenting-skills classes; attend training for special needs children; and, were respondent to be released, obtain housing and employment. Throughout the duration of the proceedings, the DHHS attempted to verify whether respondent had accessed services through the federal prison by mailing respondent monthly packets and attempting to contact the prison. Respondent was on a waitlist for parenting and other classes. At one point, respondent was on a waitlist to become a full participant in a drug-rehabilitation program, which would allow respondent access to additional services in prison. At the termination hearing, respondent testified that he had completed six months of the nine-month, drug-rehabilitation program.

Eventually, the DHHS filed a supplemental petition requesting the termination of respondent's parental rights because of his lack of compliance and benefit from the services

-1-

offered. At the termination hearing, the trial court found that respondent failed to complete various psychological, substance abuse, and parenting services. Respondent's outdate was in debate, ranging from October 2025 to 2027. Regardless, the court found that even if respondent were to be released from prison, it would take over a year from the time of the termination hearing to demonstrate that he could provide an appropriate environment for the child. The court, therefore, found that the statutory grounds under Subsections (3)(c)(*i*), (3)(c)(*ii*), and (3)(j) existed and that termination was in the child's best interests. The trial court subsequently issued its order terminating respondent's parental rights. Respondent now appeals.

## II. REASONABLE EFFORTS

Respondent first argues that the trial court erred by finding that the DHHS made reasonable efforts toward reunification.

In general, issues that are raised in the trial court are preserved for appeal. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). However, a respondent should raise the argument that the DHHS failed to make reasonable family reunification efforts when the DHHS adopts the CSP or soon after. See *In re Terry*, 240 Mich App 14, 26; 610 NW2d 563 (2000). But "even if a parent does not object or otherwise indicate that the services provided were inadequate when the initial case services plan is adopted, such an objection or challenge may also be timely if raised later during the proceedings." *In re Atchley*, 341 Mich App 332, 337; 990 NW2d 685 (2022). Though respondent did not object or indicate that the DHHS's recommendations were inadequate, respondent challenged the communication issues with the DHHS and the limited availability of services in prison. These challenges are "sufficient to 'otherwise indicate' that the services provided were inadequate," thus preserving the issue. See *id*. at 338.

When preserved, we review a trial court's decision regarding reasonable efforts, as well as its factual findings in a termination hearing, for clear error. See MCR 3.977(K); *In re Gonzales/Martinez,* 310 Mich App 426, 430; 871 NW2d 868 (2015). A finding is clearly erroneous if we are "left with [a] definite and firm conviction that a mistake has been made." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (quotation marks and citation omitted).

The trial court committed clear error by concluding that the DHHS made reasonable efforts to reunify respondent and his child because the record demonstrates that the DHHS failed to provide or even facilitate the services necessary for reunification. Consequently, the trial court clearly erred by terminating respondent's parental rights for failure to comply with the service plan when the DHHS failed to provide the necessary services for reunification.

Absent the exceptions in MCL 712A.19a(2), none of which are relevant here, "the [DHHS] has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85, 85 n 4; 893 NW2d 637 (2017). When a child is placed outside the home, the DHHS has a statutory duty to create and update a CSP. MCL 712A.13a(10)(a); MCL 712A.18f(5). A CSP must include a "[s]chedule of services *to be provided* to the parent . . . to facilitate the child's return to his or her home . . . ." MCL 712A.18f(3)(d) (emphasis added). As part of its duty to make reasonable efforts, "the [DHHS] must create a service plan outlining the steps that *both it* and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *In re Hicks/Brown*, 500

Mich at 85-86 (emphasis added). "The [DHHS] is not relieved of its duties to engage an absent parent merely because that parent is incarcerated." *In re Mason*, 486 Mich at 152.

In *In re Mason*, the DHHS "abandoned its statutory duties to involve [the incarcerated respondent] in the reunification process and to provide services necessary for him to be reunified with his children." *Id*. at 146. Thus, in *In re Mason*, it was clear error to terminate the respondent's parental rights "in part because of his failure to comply with the service plan" when the DHHS failed to provide services and evaluate the respondent. *Id*. at 159.

Here, there is no record evidence that the DHHS even attempted to facilitate or coordinate services with the federal prison. See *id*. at 157. First, though no Michigan case requires the DHHS to provide services directly to respondent, failure to provide direct services is evidence that the DHHS did not make reasonable efforts. See *In re Smith*, 291 Mich App 621, 622; 805 NW2d 234 (2011). At no point in the record did the DHHS provide services directly to respondent. In fact, a DHHS foster-care specialist affirmed that she did not send respondent workbooks, supplements, or packets regarding parenting skills because of her belief that respondent was not eligible for additional services until he was a full participant in the drug-related program offered by the prison.

Second, the DHHS did not outline what services would be "provided" to respondent, see MCL 712A.18f(3)(d), or what steps the DHHS would take to facilitate reunification in either the Parent Agency Treatment Plans (PATPs) or CSPs, see *In re Hicks/Brown*, 500 Mich at 85-86. In its PATPs, the DHHS at first listed no actions that it would take to facilitate respondent's substance-abuse treatment, parenting-skills classes, or psychological services. Later, the DHHS stated that it would verify what services were available to respondent and in what services respondent participated. In its CSPs, the DHHS claimed that it took reasonable efforts to reunify the family through "[s]ubstance abuse services, safety planning, psychological services, and parenting services" and that respondent was offered random drug screens, counseling services, parent education, housing resources, psychological evaluation, and parenting time, among other services. Though it may be true that the child's mother received such services, nothing in the record shows that respondent received the extent of the services claimed by the DHHS. Instead, respondent was waitlisted by the federal prison staff for full participation in the drug program that would allow him access to additional services provided by the federal prison. The DHHS may not focus its efforts "exclusively on the custodial mother and essentially ignore[] the [incarcerated] father." *In re Mason*, 486 Mich at 152.

Third, in practice, the DHHS did not "provide services necessary for [respondent] to be reunified with his child[]." *Id*. at 146. To the DHHS's credit, at respondent's initial facility, it appeared that the DHHS would not be able to obtain information on services until respondent signed a communication request, which respondent did not return. At that point, the DHHS had done everything within its power to communicate with respondent's initial facility. However, respondent then moved to his current facility in January 2024. There, the DHHS contacted respondent's prison case manager by phone, and the prison case manager spoke freely about respondent. However, even in those phone contacts, the DHHS showed no effort to coordinate services. See *id*. at 157. Instead, the DHHS called only to verify what respondent had been able to accomplish.

As in *In re Mason*, 486 Mich at 166, the record is "largely undeveloped" because of the DHHS's failure to provide respondent with the services necessary to achieve reunification. It therefore remains unclear how respondent was expected to achieve the steps necessary for reunification while waitlisted for federal prison services and when provided no additional services by the DHHS. See *id.* Nor does it appear that the DHHS adjusted respondent's requirements or its own actions to facilitate reunification. See MCL 712A.18f(5).

Because the DHHS did not provide the respondent with the services necessary for reunification, it did not fulfill its statutory duty. See *In re Mason*, 486 Mich at 146. Therefore, the trial court committed clear error by concluding that the DHHS made reasonable efforts to reunify respondent and his child, and terminating respondent's parental rights for failure to comply with the service plan when the DHHS failed to provide the necessary services for reunification. See *In re Hicks/Brown*, 500 Mich at 85; *In re Mason*, 486 Mich at 146, 166.

For the foregoing reasons, we reverse the order terminating respondent's parental rights to the child and remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado